170 So.2d 822 (1964)
RYDER TRUCK RENTAL, INC., et al., Appellants,
v.
Farris BRYANT, Governor of Florida, et al., Appellees.
No. 33073.
Supreme Court of Florida.
July 10, 1964.
Rehearing Denied September 29, 1964.
*823 Parker, Foster & Madigan, Tallahassee, for appellants.
James W. Kynes, Atty. Gen., Fred M. Burns and Jack A. Harnett, Asst. Atty. Gen., for appellees.
ROBERTS, Justice.
This case involves the constitutionality as well as the construction of a portion of Chapter 63-526, Laws of Florida 1963; hence it is here on direct appeal from a declaratory decree construing the Act and finding that it is impervious to the attack, on constitutional grounds, made upon it by the appellants, who were plaintiffs below.
The appellants are engaged in the business of renting  on an hourly, daily, weekly, monthly or yearly basis  motor vehicles which they purchase and to which they retain title during the entire useful life of the vehicle. The appellees are the Governor and Cabinet officers of this state, who were sued and are defending here in their capacity as members of the State Revenue Commission, and the director of such Commission. The grievance of the appellants arose out of the Commission's interpretation of that portion of Chapter 63-526, supra, which amends subsection (3) of Section 212.08, Fla. Stat. 1961, F.S.A. This particular section of our Sales and Use Tax Law lists the items which are specifically exempt from such tax; and subsection (3) thereof relates particularly to the exemption of motor vehicles.
Originally, motor vehicles were exempt altogether from the sales or use tax, see Section 212.08(4), Fla. Stat. 1955, F.S.A.; however, in 1957 the Legislature enacted Chapter 57-398, Laws of Florida 1957, which, according to its title, amended Section 212.08 "by allowing a new exemption of two-thirds of the tax imposed on motor vehicles * * *" and which provided in the body of the Act, among others, that motor vehicles, as therein defined, were exempt from "so much of such tax as shall exceed one per cent * * *." Section 212.08(3), Fla. Stat. 1961, F.S.A. And in 1963 the Legislature again cut down on the exemption previously allowed motor vehicles by enacting Chapter 63-526, the Act with which we are here concerned.
The changes with respect to motor vehicles made in the Sales and Use Tax Law by the 1957 and 1963 Legislatures can best be shown by quoting Section 212.08(3), as enacted in 1957, in full and superimposing thereon the 1963 amendments, with the deletions made by the 1963 Act underscored and the 1963 additions written in capital letters. In its composite form, Section 212.08(3) reads as follows:
"212.08 Same; specified exemptions. 
* * * * * *
"(3) Exemptions, Partial; Motor Vehicles; AND CERTAIN FARM EQUIPMENT.  There shall be exempt from the tax imposed by this chapter so much of such tax as shall exceed one per cent TWO PER CENT (2%) on the sale (including occasional or isolated sales) or rental to, the use, consumption or storage for use in this state of motor vehicles AND SELF-PROPELLED OR POWER DRAWN FARM EQUIPMENT USED EXCLUSIVELY BY A FARMER ON A FARM OWNED, LEASED OR SHARE-CROPPED BY HIM IN PLOWING, PLANTING, CULTIVATING AND HARVESTING CROPS. No title certificate shall be issued by the motor vehicle commissioner on any motor vehicles unless there be filed with such application for title certificate a receipt issued by an authorized motor *824 vehicle dealer, or by a designated agent of the comptroller or by the comptroller evidencing the payment of such tax where the same is payable. For purposes of enforcing this provision, all county tax collectors and any and all persons or firms authorized to sell or issue motor vehicle licenses are hereby designated agents of the comptroller and are required to perform such duty in the same manner and under the same conditions prescribed for their other duties by the constitution or any statute of this state. No such receipt shall be required upon application for transfer of any title certificate issued by another state having a sales tax equal to or greater than the tax required by this state and requiring such tax to be paid before the issuance of title certificate. Other provisions of this chapter relating to trade-ins are applicable to motor vehicles; however, all transfers of title to motor vehicles are presumed to be a taxable transaction until otherwise shown. The term `motor vehicles' as used in this subsection shall have the same meaning ascribed in section 320.01(1), Florida Statutes, when used in the plural form; AND SHALL INCLUDE THE PURCHASE OF A MOTOR VEHICLE TO BE USED EXCLUSIVELY FOR RENTAL PURPOSES; however, any vehicle required to be licensed under section 320.08, Florida Statutes, with a `GW' series tag shall not be construed to be a motor vehicle under the provisions of this subsection and is taxable at the rate of three per cent (3%). The term `motor vehicle dealer' as used in this subsection shall have the same meaning ascribed in section 320.60(6), FLORIDA STATUTES."
Prior to the 1963 amendment thereto, Section 212.08(3), supra, had been administratively interpreted as exempting from the tax the sale of a motor vehicle purchased exclusively for rental purposes, and only the rental thereof was subjected to the one percent tax specified by the 1957 Act. See Rule 4A-1.07(14) and Rule 4A-1.07 (18), Rules and Regulations, Florida Sales and Use Tax Law. The 1963 amendments, supra, were, however, interpreted by the Commission as subjecting both the sale and the rental of motor vehicles purchased exclusively for rental purposes to the tax  the tax on the sale at the rate of two percent and the tax on the rental thereof at the rate of three percent. The appellants, and others similarly situated, were so notified by the director of the Commission. The instant suit followed.
The appellants contended below, and here contend, that the "minor changes" made in Section 212.08(3), supra, by the 1963 Legislature were intended only to change the rate of taxation of rentals of motor vehicles (from one to two percent) and were not intended to "add a new tax" on appellants and others similarly situated. They also urged below, and argue here, that any other interpretation of the subject provisions of the 1963 Act would render them invalid under Section 16 of Article III of the Florida Constitution, F.S.A., which requires the subject of an Act to be expressed briefly in the title thereof.
The Chancellor, in a well considered opinion and Declaratory Decree, sustained the Commission's interpretation of the effect of the 1963 amendments and found, also, that the title was not violative of Section 16 of Article III, supra. As noted above, the appellants have invoked the jurisdiction of this court to review, on direct appeal, the Declaratory decree as authorized by Section 4 of Article V, Fla. Const.
In support of their contention that the 1963 Act should not be interpreted as subjecting the sale of motor vehicles purchased exclusively for rental purposes to a sales or use tax, the appellants argue that such a sale is not a taxable transaction because the purchaser of such a motor vehicle is not the ultimate consumer thereof; that the ultimate consumer is the lessee or rentee *825 of the vehicle; that the expressed legislative intent is that "the end consumer, or last retail sale shall be the sale intended to be taxed and in so far as may be practicable there [shall] be no duplication or pyramiding of the tax." Section 212.12 (11), Fla. Stat., F.S.A.; and that to impose a tax on the sale of such a vehicle, and again on the rental of the same vehicle, and again on the eventual sale of the vehicle at the end of its useful life, would result in a "pyramiding" or duplication of the excise tax on such vehicle contrary to the legislative intent. This contention cannot be sustained.
It is well settled that the sale or use tax is a tax on the privilege of engaging in a particular business on occupation. The tax is not levied against the consumer, but upon the businessman who is engaged in the business or occupation. Green v. Panama City Housing Authority, Fla. 1959, 115 So.2d 560, citing Gaulden v. Kirk, Fla. 1950, 47 So.2d 567. Thus, the sales tax is assessed against the businessman-seller of the motor vehicle, not against the appellant-purchasers thereof; the appellants, who are assessed for the tax on the rental, pay the tax for the privilege of engaging in an entirely different business or occupation from that of the person or firm from whom they purchased the vehicle; and, finally, the ultimate sale is still another, and different, transaction. In each case the tax is passed on by the taxpayer to his or its customer: the motor-vehicle dealer passes the sales tax on to the appellant-purchaser; the appellant-renter of the vehicle passes the tax on the rental to his or its lessee or rentee; and when the vehicle is sold by the appellant at the end of its useful life, the sales tax is again passed on to the purchaser. Clearly, then, there is no "pyramiding" or duplication of the tax since each is on a separate and distinct taxable privilege.
The appellants also argue that a sale of this kind  by a purchaser for rental purposes only  has been consistently interpreted by the appellees as a "sale for resale" and therefore not a taxable event or transaction within the purview of Section 212.05, Fla. Stat., F.S.A., which is the section of the Sales and Use Tax Law imposing the basic tax on all items of tangible personal property. And it is true, as noted above, that the administrative interpretation, before 1963, of Section 212.08(3) reached the same end result as that here contended for by appellants. The applicable rule, Rule 4 A-1.07(14), supra, reads as follows:
"4 A-1.07 Motor vehicles. 
* * * * * *
"(14) The purchase of a motor vehicle to be used exclusively for rental purposes is exempt, but the subsequent sale of this vehicle by its owner-lessor is subject to 1% tax."
As shown above in the "composite" quotation of Section 212.08(3), the Legislature in 1963 added the words,
"The term `motor vehicles' as used in this subsection * * * shall include the purchase of a motor vehicle to be used exclusively for rental purposes." (Italics indicate the addition.)
It can thus be seen that the language of the amendatory statute is almost word for word the same as that of the Rule; and the conclusion is, therefore, inescapable that the Legislature intended to revoke such rule  either to correct the administrative interpretation of the statute or, if such interpretation was accurate, to rescind the special treatment previously accorded to the sale of motor vehicles purchased exclusively for rental purposes. But whatever the reason  and it would not now serve any useful purpose to hazard a guess on this point  it is crystal clear that the Legislature, by the amendatory language quoted above, intended to place the sales of motor vehicles purchased exclusively for rental purposes on the same footing, insofar as the sales or use tax is concerned, as sales of other motor vehicles subject to the tax. *826 And, as stated in Tropical Coach Line, Inc. v. Carter, Fla. 1960, 121 So.2d 779,
"If the language of the statute is clear and unequivocal, then the legislative intent must be derived from the words used without involving incidental rules of construction or engaging in speculation as to what the judges might think that the legislators intended or should have intended."
Accordingly, it must be held that the Chancellor did not err in so holding.
The appellants also object to the Commission's ruling, and the chancellor's decree sustaining it, that the rentals of motor vehicles will under the 1963 amendment be subject to the three percent tax applicable generally to the rental of tangible personal property rather than to the two percent tax applicable, under Section 212.08(3), supra, to the sales of motor vehicles. Their argument here is that the word "sales" is under Section 212.02(2), Fla. Stat., F.S.A., defined to include "rental" unless the context clearly requires a different meaning, and that the amendment of the statute by omitting the words "or rental to" has no effect on the meaning of the section. They rely on Richard Bertram & Co. v. Green, Fla.App., 132 So.2d 24, in support of their contention. In this case the District Court of Appeal held that Section 212.02(9), Fla. Stat., F.S.A., providing that "the term `business' shall not be construed in this chapter to include occasional and isolated sales or transactions" (italics added), was applicable to occasional and isolated rentals of tangible personal property as well as to occasional and isolated sales of such property. In view of the particular wording of Section 212.02(9), as italicized above, it is clear that the Legislature intended to use the word "sales" in its all-inclusive meaning.
We are here concerned, however, with another section of the statute, Section 212.08(3), supra, which is the "exemption" section of the Sales and Use Tax Law in which the items of tangible personal property to be exempt are specifically listed. It would appear to be the legislative intent to "spell out" in this section each and every item, as well as each and every transaction  whether a sale, admission, use, storage, consumption, or rental  which is to be accorded special treatment, by way of exemption, under the Sales and Use Tax Law. See Section 212.21(2), Fla. Stat., F.S.A., in which it is said:
"It is hereby declared to be the specific legislative intent to tax each and every sale, admission, use, storage, consumption, or rental levied and set forth in this chapter except as to such sale, admission, use, storage, consumption, or rental, as shall be specifically exempted therefrom, subject to the conditions appertaining to such exemption."
Moreover, as noted above, Section 212.08(3), as enacted in 1957, did specifically "spell out" the rental of motor vehicles as a transaction to be accorded the special treatment therein specified  that is, exemption from "so much of such tax as shall exceed one per cent * * *" And, as stated by the Chancellor in his decree,
"* * * when the legislature amended the exempting section of the statute by specifically deleting the words `or rental to' it must be presumed to have intended to make some change in the meaning of the statute that this deletion could possibly produce is to withdraw rental of motor vehicles from the operation of the exemption granted by the subsection being amended."
We agree. See 30 Fla.Jur., Statutes, Section 91. Accordingly, the appellants' contention in this respect cannot be sustained.
Finally, the appellants contend that, if the 1963 amendments are so interpreted, they cannot be sustained because the title to the Act would then be defective and deceptive and violative of Section 16 of Article III, providing that
"Each law enacted in the Legislature shall embrace but one subject and matter *827 properly connected therewith, which subject shall be briefly expressed in the title * * *."
The title to Chapter 63-526 is quite lengthy, since the Act amends not only Section 212.08(3), supra, but many other sections of the Sales and Use Tax Law. Insofar as it refers to Section 212.08(3), the title reads as follows:
"* * * amending Section 212.08(3), Florida Statutes, providing partial exemption on motor vehicles and certain farm equipment; * * *"
It has been said that the reason for the requirement made by Section 16 of Article III "is simply to indicate to one who reads the title the general nature and substance of the content of the body of the statute." Kirkland v. Phillips, Fla. 1958, 106 So.2d 909, 914. And in State v. Florida State Turnpike Authority, Fla. 1955, 80 So.2d 337, 342, it was said that this provision "was designed to prevent surprise or fraud upon the people and legislature that would arise from provisions hidden in the body of a law and not indicated in the title."
The Chancellor noted in his decree that
"To the plaintiffs, and others similarly situated, the title waves not one but three red flags. They are placed on notice that the act relates to the general subject of sales, use, and transaction taxation. They are cautioned to observe that the taxation of rental of tangible personal property is specifically treated. They are advised that the act will amend the section allowing the preferred treatment previously accorded transactions involving motor vehicles."
and we agree that the title to Chapter 63-526 "adequately forewarned any reasonably cautious person that the Legislature was definitely dealing with the provisions of law respecting the special treatment previously accorded motor vehicles", to paraphrase the language of this court in Kirkland v. Phillips, supra, 106 So.2d 909, 914. Accordingly, the decree in this respect must be sustained. Furthermore, the imposing of the tax was within the orbit of legislative jurisdiction, and the wisdom of its passage is not for this court to decide.
For the reasons stated, the decree appealed from should be, and it is hereby,
Affirmed.
DREW, C.J., and THOMAS, THORNAL, O'CONNELL, ERVIN and HOBSON (Ret.), JJ., concur.