PER CURIAM.
Appellant seeks review of a trial court’s declaratory judgment denying him the right to qualify for and receive benefits under the provisions of Chapter 123, Florida Statutes, Judicial Retirement System of Florida. For error, the appellant urges that the trial court incorrectly applied the principles of equitable estoppel and violated settled principles of statutory construction.
Essential facts are not in dispute. Appellant became a circuit judge on November 23, 1938, and continued to serve in this capacity until November 24, 1940, at which time he resigned his office of circuit judge and on the following day, November 25, 1940, was appointed to and qualified as a Justice of the Florida Supreme Court, a position which appellant held until his resignation on October 22, 1951. While serving as a circuit judge, the state legislature *19 enacted a retirement system for circuit judges, Chapter 19,000, Laws of Florida, Acts of 1939. Appellant became a member of that system, which was not applicable to justices of the Supreme Court, and made his monetary contributions required thereby.
When appellant first became a member of the Supreme Court, no retirement system existed for justices of that court; however, the legislature enacted Chapter 23,645, Laws of Florida, Acts of 1947, which established a voluntary retirement -system for them. All justices then in office who desired to become members of the system were to elect within 90 days to do so and commence paying their contributions into the retirement fund. Appellant elected not to become a member of that system, and thus did not make contributions during his tenure on the Supreme Court.
Appellant was reappointed to the Supreme Court on November 13, 1967, and retired therefrom on July 31, 1968, having served a period of 8V2 months during this last active service.
During the interim of his two active services on the Supreme Court, a new and entirely different retirement system for justices of the Supreme Court, judges of the District Courts of Appeal (also created during the interim), and judges of Circuit Courts was established by the legislature through passage of various statutes and codified as Chapter 123, Florida Statutes, F.S.A. This system, referred to as the “Judicial Retirement System”, although separate from earlier systems, permitted both justices and circuit judges who were members of other systems to transfer to and become members of the new system. Since appellant was not an active member of the Supreme Court, he had no opportunity to become a member of the new Judicial Retirement System until his reappointment on November 13, 1967, at which time he became a member of Division “C” by operation of law. During appellant’s last service of 8V2 months, some $1,695.97, was deducted from his salary and remitted to the Judicial Retirement System fund.
Appellant contends that he has served in the aggregate 13 years, 7 months and 16 days, as either Justice of the Supreme Court or Judge of Circuit Court, and is entitled to benefits payable from the Judicial Retirement System based upon an accumulation of credits for his service. In support thereof, appellant relies upon the provisions of the statute relating to members of the system in Division “C”, of which appellant was a member, reading as follows :
“Section 123.40 Benefits.— .
“(1) Section 123.04 ‘Qualifications for retirement’ shall read with respect to members of division C:
“(a) Any person electing to take the benefits of this chapter who has attained the age of sixty-five years, and who has served as a supreme court justice, or district court of appeal judge, or circuit judge for at least ten years in the aggregate, or had ten years of otherwise creditable service either before or after passage of this law, may retire with the right to be paid, and shall be paid on his own requisition in equal monthly installments during the remainder of his natural life, from the judicial retirement trust fund, retirement compensation in accordance with § 123.06 as it pertains to members in division C.”
The trial court acknowledged the foregoing language of the statute, but stated that only if it were read “in isolation” from the remainder of Chapter 123 would it be “readily susceptible to a construction which would entitle plaintiff to the retirement benefits which he claims”.
Additionally, the trial court found the words “electing to take the benefit of this chapter” should refer to initial membership in the retirement system established by Chapter 123, and that the phrase “and who has served as a Supreme Court Justice *20 . . . for at least ten years” was intended to refer to service rendered subsequent to the election to take the benefit of this chapter.
Thus, the trial court concluded that the appellant was not entitled to receive credit for service as a Justice of the Supreme Court and was “estopped to assert his service as a Supreme Court Justice” for purposes of claiming retirement benefits. We disagree.
The trial judge readily conceded that a reading of only Section 123.04(1), Florida Statutes, F.S.A., would result in a construction which would entitle the appellant to his claim. Obviously, this conclusion is reached under the theory that where the language of a statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for resort to the rules of statutory interpretation. State v. Stuler, 122 So.2d 1 (Fla.1960); Ryder Truck Rental, Inc. v. Bryant, 170 So.2d 822 (Fla.1964); and Tropical Coach Line, Inc. v. Carter, 121 So.2d 779 (Fla.1960).
Accordingly, the suggestion arises at this point to simply reverse and remand. However, the able trial judge’s conclusion was reached from a consideration of the quoted statute read in pari materia with other statutory provisions, legislative intent, and the history of the acts from time to time enacted by the legislature, as applied to the Judicial Retirement System. We therefore believe it proper for us to explore this area sufficiently to dispose of the issues before us.
The entire foundation surrounding the lower court’s judgment lies in the conclusion that while appellant was first serving on the Supreme Court he elected not to participate in a voluntary retirement system program when one was first enacted for that court, and that when appellant later became a member of Division “C”, he could not qualify for retirement because he did not have ten years of contributions. The weakness of this argument lies in the failure to consider “aggregate” time served, which brings into focus the two areas of concern in this case, to wit: (1) is appellant eligible for retirement, and (2) if so, what are his retirement benefits.
There is no question but that appellant has served as a Supreme Court Justice, and Circuit Judge for an aggregate of more than ten years. The statute quoted above speaks in terms of “service” as that of either before or after the law was enacted. Neither does the statute restrict the service of a justice or judge to only those years while serving as a participant in a retirement system. Equally susceptible of consideration is the fact that no statute expressly rules out the appellant’s claim.
If the trial court’s conclusion were correct, then a literal application would mean that when Chapter 123 was implemented and an election made to come under it, the justice or judge so electing would have to serve an additional ten years in that system to become eligible for retirement benefits; yet we know this isn’t true. See Section 123.03, Florida Statutes, F.S.A., authorizing a transfer of contributions by judges and justices from other retirement systems and payment of back contributions by them for years served even though not a member of any retirement system (when, in fact, they could have been members by election).
Furthermore, a reading of Section 123.05(2), Florida Statutes, F.S.A., relating to termination of service prior to retirement, expressly permits a justice who has accumulated more than ten years of service in the “aggregate”, either before or after the act, to receive retirement benefits. This statute reads as follows in material part:
“(2) Any person who has served as a supreme court justice ... or circuit judge, or both, for an aggregate period not less than ten years, either before or after the passage of this chapter, *21 and whose service is terminated, may, . leave said contributions in the judicial retirement trust fund and receive retirement benefits as provided by this chapter . . .”
Cursory review of this statute, as well as the one first quoted, does not reveal that years of “service” is limited to years of “contribution”. Contrariwise, years of “service” in the “aggregate” simply determines eligibility for retirement, with years of contributions being ultimately determinative of the amount of retirement benefits to be received, if any, under Chapter 123.
 Thus, when the statute under review is examined by itself or in pari ma-teria with the other retirement system statutes, we can safely conclude that eligibility for retirement is determined by the number of years of service (ten or more, in the aggregate), and not by years of contributions. Appellant fully qualifies under this criteria for retirement.
Now we turn to the question of the retirement benefits to which appellant is entitled, if any, which in turn depends in part upon whether appellant can now make back payments into the system for those years of his first active service on the Supreme Court.
Suffice it to say that no retirement statute expressly grants the appellant the right to make back payments, but, on the other hand, no statutes expressly prevent it under his circumstances.
When appellant last served as a Justice on the Supreme Court, and mandatorily came under the provisions of Division “C” for retirement purposes, he then first became subject to the “election” proviso therein. The term “election” as used in the act was available to active and currently serving justices or judges (or, when appropriate, to the surviving spouses), and, of course, appellant was not actively serving on the Supreme Court when the act became effective which precluded his election at that time.
If “creditable service” were to mean service for which contributions were made at the “first” or “earliest” opportunity, then appellant would not be able to make back payments; however, a review of the entire Chapter 123 fails to establish such a limitation. To the contrary, the chapter clearly reveals numerous provisions allowing back payment of contributions and even repayments after withdrawals (some without time limitations). See Section 123.14, Florida Statutes, F.S.A., relating to back payments by circuit judges, without time limitations, wherein the phrase “for all periods of prior service as a circuit judge of the state in the same manner and to the same extent as if he had duly, timely and properly made such contribution” is used.
See also Section 123.07(7), Florida Statutes, F.S.A., which provides for retirement benefits to be paid to a surviving spouse of a judge or justice even though the surviving spouse has previously received a refund of the member’s accumulated contributions, provided a repayment is made to the retirement fund with interest.
Thus, it does not appear reasonable to assume that the legislature intended a more liberal application of Chapter 123, Florida Statutes, to circuit judges and surviving spouses, regarding back payments and repayments, than to other judges and justices. Neither does Chapter 123, Florida Statutes, F.S.A., expressly speak to the circumstance involving a reassumption of active service as a justice (following the effective date of Chapter 123), although the chapter does expressly grant the right of back payment to those on active service upon its effective date. To this hiatus, our ultimate conclusion is now drawn.
Our courts have liberally construed pension statutes under the theory of avoiding an inequitable result. State ex rel. Holton v. Tampa, 119 Fla. 556, 159 So. 292 (1934) ; City of Hialeah v. Willey, 189 So.2d 194 (Fla.App.1966). To now deny appellant his right to “elect” to make *22 back payments (a right which only ripened upon reassumption of his last active service), would be inequitable, in view of the fact that appellant could have exercised such right if he had been on active service on the effective date of Chapter 123.
Accordingly, the final judgment herein is reversed and this cause is remanded for entry of a final judgment in keeping with the principles herein set forth.
SPECTOR, C. J., and JOHNSON, J., concur.
WIGGINGTON, J., dissents.