QUESTION:
Does Ch. 67-412, Laws of Florida, grant continuous service credit for retirement under s. 112.05, F.S., for service in the War Manpower Commission, to persons who were not employed with the State Employment Service of the Florida Industrial Commission when that agency was conscripted into the War Manpower Commission of the federal government in January, 1942, but who were first employed with that agency after it was placed under federal control and remained employed with the agency until it reverted to state control in November, 1946?
SUMMARY:
In determining continuous service for the purposes of retirement credit under s. 112.05, F.S., persons who were employees of the Federal War Manpower Commission in Florida prior to November 16, 1946, who remained employed with the Florida offices of that agency until it reverted to state control, and who thereafter continued in the employment of the state are entitled to claim credit for such federal service whether or not they were employees of the Employment Service of the Florida Industrial Commission when, in January 1942, the state agency was federalized.
In January, 1942, the State Employment Service of the Florida Industrial Commission (hereinafter referred to as employment service) was conscripted into the federal War Manpower Commission pursuant to executive order of the President. In 1946 the employment service was returned to state control. Most Florida employees of the War Manpower Commission returned to state employ at that time. These employees can be categorized for purposes of this opinion into two classes: Employees who had been with the employment service prior to its federalization in 1942; and employees who joined the employment service after it was federalized but before it returned to state control in 1946. It is with the retirement rights of a member of the latter class of employees that this opinion is concerned.
Section 112.05, F.S., provides a retirement system for persons who were in the employ of the state on June 30, 1953, and who have served thirty years of continuous state employment. The retirement benefits provided in s. 112.05 (a noncontributory plan) may be elected by a qualified state employee in lieu of those to which he would be entitled under Ch. 122, F.S. — a consolidated contributory retirement system for state and county employees adopted in 1955. (See Ch. 121, F.S., for the new compulsory Florida Retirement System.) The provisions of Ch. 122 which are pertinent to the instant situation are found in paragraphs s.122.02(4)(a) and (c).
"(4)(a) In determining the aggregate number of years of service of any officer or employee, the time of military service between 1939 and 1946 by the employee on leave of absence shall be added to the years of state or county service. Credit for any other military service shall not exceed four years; provided that those individuals who were employed by the war manpower commission in Florida (or on military leave from the war manpower commission) prior to November 16, 1946, by the national reemployment service in Florida subsequent to June 30, 1933, the Florida state employment service subsequent to June 30, 1935, or in the readjustment allowance or employment service departments of the veterans administration in Florida between July 1, 1944 and January 1, 1950, and who continued in employment with the state or any county without more than one interruption in the performance of service, this interruption not to exceed five years, shall be entitled to credit for continuous service for all such employment with the named agency or department, and shall have such time added to their aggregate number of years of service; provided further, that any such employee claiming such credit shall pay into the state and county officers and employees retirement trust fund an amount equivalent to the amount which would have been placed in the fund had such employee been paying into the fund from July 1, 1945. . . ."
Paragraph (4)(c) was added by Ch. 67-412, Laws of Florida, and provides as follows:
"The aggregate years of continuous service credit allowed in paragraphs (a) and (b) of this subsection shall also be applicable to s. 112.05 for employees who received credit for service under the war manpower act, and who after thirty years of continuous service elect to retire under provisions of s. 112.05."
The meaning of paragraph (4)(c) appears clear on the face of the statute. The intent of the legislature was to allow to noncontributory retirees under s. 112.05 the same credit for years of service with the War Manpower Commission as would have been allowed to them upon retirement under the contributory plan, Ch. 122, supra. As this meaning is clear, it is unnecessary to resort to extrinsic aids (including the preamble of Ch. 67-412, supra, discussed below) to construe paragraph (4)(c). Caminetti v. United States, 242 U.S. 470 (1916); Ervin v. Capital Weekly Post,97 So.2d 464 (Fla. 1957); City of St. Petersburg v. Briley, Wild and Associates, Inc., 239 So.2d 817 (Fla. 1970).
The issue presented here does raise a question concerning the meaning of paragraph (a) of subsection 122.02(4), supra. Paragraph (a) appears to establish three general prerequisites to claiming credit for service with the War Manpower Commission: That the person claiming credit shall have been employed by the War Manpower Commission in Florida prior to November 16, 1946; that he has continued in state or county employment; and that he has made retroactive contributions into the retirement fund to cover his federal service. On the face of paragraph (a), there seems to be no requirement that a person claiming credit must have been employed by the employment service prior to that agency's conscription into federal service. However, you suggest that such may have been the legislative intent, and you refer to the preamble of Ch. 67-412, supra — which, as noted above, added s.122.02(4)(c) — reading in part as follows:
"WHEREAS, in January 1942 a division of the Florida Industrial Commission was conscripted by order of the President of the United States into the War Manpower Commission of the Federal Government, and
WHEREAS, these employees remained in the same building, at the same desks, at the same location from January 1942 to November 1946, the only change being their duties during the war, and the payment of their salary by the Federal Government, . . ."
However, it is noteworthy that the employees for whose benefit the 1967 act was adopted (those who had at that time been employed by the state or federal government continuously for thirty years or more) would necessarily have been state employees prior to and at the time of the conscription of the State Employment Service of the Florida Industrial Commission into the War Manpower Commission in 1942; and its statement in connection with its clarification of legislative intent as to these employees does not necessarily require a conclusion that only those employees would be entitled to the benefit of federal service with the War Manpower Commission. In any event, a preamble may not be used to create ambiguity in the substantive provisions of a statute. Robinson v. Difford, 92 F. Supp. 145 (E.D.Pa. 1950); Adams v. Dickinson,264 So.2d 17 (1 D.C.A. Fla. 1972). And if there is any ambiguity in paragraph 122. 02(4)(a), it is more properly resolved by examining the legislative history of this provision. See U.S. v. Monia,317 U.S. 424 (1943); State ex rel. Parker v. Lee, 151 So. 491 (Fla. 1934).
The legislative history reveals clearly and unequivocally a legislative intent to authorize the inclusion of years of service with the War Manpower Commission in Florida in computing the aggregate years of service for the purpose of retirement under Ch. 122, supra, (and, by analogy, under s. 112.05) without regard to whether the initial service was performed at the time the federal government had taken over the Florida State Employment Service or prior thereto.
As originally adopted in 1945 [Ch. 22831, 1945, Laws of Florida (former Ch. 121, F.S.)], the State Employees' Retirement System allowed credit only for the time spent in "military service" by a state employee on leave of absence. However, following World War II, the legislature apparently believed that it would be unjust to allow wartime federal service to divest state employees of the benefit of the continuous and aggregate state employment needed for retirement. Thus, it amended the statute (by Ch. 23958, 1947, Laws of Florida) to provide also that time spent in "federal civilian employment" by a state employee who was transferred to such service by executive order of the President and immediately returned to state employment following such service should be included, provided the employee made the appropriate contributions for such years of federal service (from July 1945, the effective date of the State Employees' Retirement Act) into the state retirement fund. In 1953, the statute was again amended (by Ch. 28174, 1953, Laws of Florida) to refer specifically to service with the War Manpower Commission and to provide that persons employed by the War Manpower Commission who were transferred to state employment with the Florida Industrial Commission on or before November 16, 1946 "shall be entitled to credit for continuous service from the date of the commencement of suchfederal civilian employment in Florida offices of the War Manpower Commission" (Emphasis supplied.), with the same proviso for contributions to the state retirement fund referred to above.
The next relevant amendment was made by Ch. 57-813, Laws of Florida, which enacted s. 122.02(4)(a), supra, in substantially its present form (set out above). The major effect of this amendment was to include several other agencies (in addition to the War Manpower Commission) in the list of organizations for which employment credit would be given for purposes of state or county retirement under the now consolidated State and County Employees' Retirement Act. In order to accommodate the mentioning of these other agencies, one of which was a state agency (the Florida Employment Service), it was necessary that any reference to federal civilian employment be eliminated. Therefore, the earlier provision specifically allowing the crediting of service with the War Manpower Commission "from the date of the commencement of such federal civilian employment in Florida Offices of the War Manpower Commission" was removed. However, I am of the opinion that this was a style change and was not intended to alter the substantive meaning of the 1953 provision. The only other pertinent amendment was made by Ch. 67-412, supra, the major effect of which was to add s. 112.02(4)(c), quoted above, making s. 122.02(4)(a) applicable to the computation of state service for purposes of the retirement system set out in s. 112.05, supra.
In sum, since 1953, if the legislative history of the act has shown any intention, it has been one which allows the crediting of service with the War Manpower Commission in Florida from the date of commencement of service in the Florida offices of such commission. This intention is not consistent with the suggestion that such service must have been preceded by state employment with the employment service. If there is confusion arising from the language of s. 122.02(4)(a), supra, it is due primarily to necessary grammatical changes made when other agencies were added to the list. Accordingly, I am of the opinion that the legislative history of the act bears out its apparent meaning and that the question presented here must be answered in the affirmative.