QUESTIONS: 1. Is the clerk of the circuit court or the board of county commissioners responsible for the operational cost of the clerk's operation within the county court? 2. If the board is responsible, in what manner does the board of county commissioners pay the cost? 3. Do the deputy clerks operating in county court go on the county payroll, or does the clerk certify a payroll to the county each month for reimbursement? 4. Should the fee be collected at the time the money is accepted or at the time of disbursement, when the clerk receives moneys into the registry of court pursuant to s. 28.24(14), F. S.? 5. Does the clerk of the circuit court charge the existing fees collected in circuit court for the same services rendered in the county court?
SUMMARY: The board of county commissioners is responsible for the operational cost of the circuit court clerk's operation as clerk of the county court. The board of county commissioners may specify the amount, manner, and time of payment for the operational expenses of the county clerk's office, as there are no statutory directions. Except where otherwise provided by law, the service charge due the clerk pursuant to s. 28.24(14), F. S., for receiving money into the registry of court is earned and thus payable upon receipt of such money into the registry of court. Except as otherwise provided by s. 34.041, F. S. (1974 Supp.), the clerk of the county court charges the same fee for services rendered in that court as the clerk of the circuit court charges for similar services in the circuit court. AS TO QUESTION 1: The 1975 Appropriations Act, Ch. 75-280, Laws of Florida (Items 791 through 794), provides for the funding of the county courts. The Governor's Workpapers at p. j32 disclose that of the 520 positions provided for in the act, 131 are county support positions (judicial clerks, judicial clerk supervisors, administrative assistants, and clerk typists) in the offices of the clerks of the circuit court. A proviso in the act states that as of September 30, 1975, these statefunded county support positions in the circuit court clerk's office are abolished. Thus, personnel necessary to operate the offices of the clerks of the county court formerly funded by the state must be provided by the county from October 1, 1975. There is no statutory provision stating who is to bear the expense of the county clerk's office. However, in AGO 072-424 I stated that "[t]here can be no doubt that, in performing the duties of county court clerk, a circuit court clerk will be a salaried budget officer." Although the language of one of the statutes relied upon has been repealed, the other statutes relied upon are still applicable and govern the question. See s. 34.041, F. S. (1974 Supp.), which requires filing fees collected in county court to be remitted monthly to the county in the manner prescribed by the Auditor General, and s. 34.191, F. S., which requires fines and forfeitures arising from offenses tried in the county court to be collected by the clerk and remitted monthly to the county or a municipality depending upon the territorial jurisdiction in which the offense was committed. Thus, the board of county commissioners is responsible for budgeting reasonable and necessary moneys to defray the costs of the operational expenses of the office of clerk of the county court. AS TO QUESTIONS 2 AND 3: Section 34.032(1), F. S., empowers the clerk, with the concurrence of the chief circuit judge of the circuit, to appoint deputy clerks of the county court. There appears to be no difference between the manner of payment of a deputy clerk, other employees, and other operational costs of that office. The board of county commissioners has the power to require "every county official" to submit to it a copy of the official's operating budget for the succeeding fiscal year. Section 125.01(1)(v), F. S. (1974 Supp.). See also s. 218.35(2), F. S., relating to the budget of the circuit court clerk "in his capacity as clerk of the circuit and county courts." There is no statutory direction relating to the details of budgeting for the county clerk's office. Thus, the amount, manner, and time of disbursement of budgeted funds to the clerk in his capacity as clerk of the county court is to be determined by the board of county commissioners, whose responsibility it is to provide the reasonable and necessary moneys to defray the cost of operational expenses of that office. The provisions of ss. 30.49-30.50, F. S., for budgeting and paying of budgeted funds to defray the costs of the operational expenses of the sheriff's office, insofar as they may be applicable to county court clerk's offices, could be utilized by the board of county commissioners, in its discretion, for the county clerk's office. It must be kept in mind that in budgeting the board is also controlled by the provisions of Ch. 129, F. S. Cf. AGO 061-151. AS TO QUESTION 4: Section 28.24(14) provides: For receiving money into the registry of court: (a) First $500, percent . . 1 (b) Each subsequent $100, percent . . 1/2!mfe!x (Emphasis supplied.) It is noteworthy that prior to its amendment by Ch. 70-134, Laws of Florida, the predecessor of this provision stated that the fee was for "[m]oneys, received into registry of court and paying out." (Emphasis supplied.) In construing the provision, this office concluded that only one fee was contemplated for the combined process of receiving and paying out and that such fee was earned and should be collected when the money is paid out. Biennial Report of the Attorney General 1931-1932, p. 490, and 1951-1952, p. 42. As it presently exists, the statute does not contain the phrase "and paying out." In making material changes in the language of a statute, the Legislature is presumed to have intended some objective or alteration of the law. Ryder Truck Rentals, Inc. v. Bryant,170 So.2d 822 (Fla. 1964). Where there is no ambiguity in a statute, there is no room for construction and its plain meaning will not be disturbed. City of Sarasota v. Burch, 192 So.2d 9 (2 D.C.A. Fla., 1966). The statute clearly provides that the duty for which the clerk earns his fee is receiving money into the registry of court. And as that is the service for which he is being compensated, the service charge is payable at that time. However, the clerk's fees as provided for by the Legislature in s.28.24(14), F. S., are applicable only where there is no contrary provision in another statute. City of Sarasota v. Burch, supra. For example, in AGO 075-298, I concluded that s. 28.24 must be construed together with s. 74.051, F. S., and that the clerk's fee for depositing money in the registry of the court as required by the "quick taking" procedure of Ch. 74, F. S., could not be determined, and thus was not payable, until such funds were disbursed. AS TO QUESTION 5: Section 28.231, F. S., provides that the clerk of the county court shall receive as compensation for similar services the same charge as provided for the clerk of the circuit court. However, s. 34.041(1), F. S. (1974 Supp.), which was amended subsequent to the enactment of s. 28.231, specifically prescribes the filing fees for civil actions in the county court and provides further that: "Except as provided herein, service charges for performing duties of the clerk relating to the county court shall be as provided in ss. 28.24 and 28.241." Section34.041(3), F. S. (1974 Supp.), specifically provides that s.28.241(2) shall not apply to criminal proceedings in county court. However, the county court clerk is entitled to the service charges prescribed by ss. 28.24 and 28.241(3), F. S., in matters connected with criminal proceedings, such as searching the record, and reporting to the Comptroller the payroll of jurors and grand jury witnesses. Attorney General Opinion 074-320. Section 34.041(4), F. S. (1974 Supp.), states that service charges as provided in Ch. 28, F. S., shall also apply to institution of appellate proceedings from the county court to the circuit court. Thus, the fees set forth in ss. 28.24 and 28.241, F. S., relating to the clerk of the circuit court shall also apply to similar services performed in the county court, except as otherwise provided by s.34.041, F. S. (1974 Supp.). Your fifth question is answered in the affirmative.