QUESTION: May the governing body of a county place the director of the county disaster preparedness agency under the administrative supervision and control of some intermediate county agency or official, or is the director subject only to the supervision and control of such governing body and the Division of Disaster Preparedness of the Department of Community Affairs?
SUMMARY: Pursuant to s. 252.38(3), F. S., the director of a county's disaster preparedness agency is subject only to the direction and control of the county's governing body and the Division of Disaster Preparedness of the Department of Community Affairs, and the governing body of the county may not place the director under the administrative supervision and control of some intermediate county agency or official. Section 252.38(3), F. S., of the State Disaster Preparedness Act of 1974 (Ch. 74-285, Laws of Florida), provides in part as follows: Each local disaster preparedness agency created and established pursuant to the provisions of this act shall have a director who shall be appointed, and have his annual salary fixed, by the board of county commissioners of the county or the governing body of a city or town, as appropriate. . . . Each local director shall have direct responsibility for the organization, administration, and operation of such local organization, subject only to the direction and control of the governing body of the political subdivision and of the Division of Disaster Preparedness. . . . It is a fundamental rule of statutory construction that statutes should be given their plain and obvious meaning. See Maryland Casualty Company v. Sutherland, 169 So. 679 (Fla. 1936); Fixel v. Clevenger, 285 So.2d 687 (3 D.C.A. Fla., 1973); Adams v. Dickinson, 264 So.2d 17 (1 D.C.A. Fla., 1972), cert. denied,268 So.2d 908 (Fla. 1972). Applying this rule to the instant inquiry, I construe s. 252.38(3), supra, as plainly providing that no public official, agency, or body other than the county governing body and the Division of Disaster Preparedness of the Department of Community Affairs shall have direction and control over the director of a county's disaster preparedness agency. Thus, the county governing body may not place the director under the administrative supervision and control of some intermediate county agency or official. This construction appears to be consistent with the declared legislative purpose "to provide effective and orderly governmental control and coordination of emergency operations in disasters and emergencies," s. 252.38(2), F. S. That is, it eliminates the possibility of additional administrative "layers" from being interjected into the coordinated statewide effort necessary to prepare for and act decisively during a disaster or emergency. In reaching the foregoing conclusion, I am not unaware of Part III of Ch. 125, F. S., the County Administration Law of 1974, Ch. 74-193, Laws of Florida, which provides in part, at s. 125.73(1), that: Each county to which this part applies shall appoint a county administrator, who shall be the administrative head of the county and shall be responsible for the administration of all departments of the county government which the board of county commissioners has authority to control pursuant to this act, the general laws of Florida, or other applicable legislation. See also s. 125.74(1), F. S. However, this section concerns the general subject of county administration, and s. 252.38(3), F. S., deals particularly with administration of a county disaster preparedness agency. In this situation, the statute relating to the particular part of the general subject will operate as an exception to, or qualification of, the general terms of the more comprehensive statute to the extent of any repugnancy between the two. State ex rel. Loftin v. McMillan, 45 So. 882 (Fla. 1908); Stewart v. DeLand- Lake Helen, etc., 71 So. 42 (Fla. 1916); American Bakeries Co. v. City of Haines City, 180 So. 524 (Fla. 1938); and Adams v. Culver,111 So.2d 665 (Fla. 1959). Thus, I am of the opinion that, to the extent there is any repugnancy between s. 252.38(3) and the provisions of Part III of Ch. 125, the former section should control. See also Provident Life Accident Ins. Co. v. Mathers,26 So.2d 814, 187 (Fla. 1946), stating that when statutes enacted at the same session are repugnant, the one last enacted will control.