Eugene Whitworth State Attorney Gainesville
QUESTION:
Pursuant to s. 316.1955(6), F. S., is a law enforcement officer required to have a vehicle removed and charge the owner or operator, or does he have the option of having the vehicle removed or charging the owner or operator with a noncriminal traffic infraction?
SUMMARY:
When a law enforcement officer comes upon a motor vehicle improperly stopping or standing in a space legally designated for the handicapped, he is required to have the offending vehicle removed to a lawful parking space or facility, or require the operator or other person in charge of the vehicle to remove it, and he must charge such operator or other person with a noncriminal traffic violation, punishable by a $15 civil penalty.
Section 316.1955, F. S., requires a minimum number of specially designed and marked parking spaces for the exclusive use of certain designated physically disabled persons. Your question concerns the enforcement provisions of s. 316.1955(6), which reads as follows:
 (6) It is a violation of this act for any person other than those authorized in this section or in s. 316.1964, s. 320.0842, s. 320.084, or s. 320.0843 to stop, stand, or park a motor vehicle [within] any such specifically designated and marked parking spaces provided in accordance with this act. Whenever a law enforcement officer finds a vehicle violating these provisions, that officer shall:
 (a) Have the vehicle in violation removed to any lawful parking space or facility or require the operator or other person in charge of the motor vehicle immediately to remove the unauthorized motor vehicle from the parking space. Whenever any motor vehicle is removed by a law enforcement officer or agency to a storage lot, garage, or other safe parking space, the cost of such removal and parking shall be a lien against the motor vehicle.
 (b) Charge the operator or other person in charge of the unauthorized motor vehicle with a noncriminal traffic infraction, punishable as provided in s. 318.18(2). However, any person who is chauffeuring a disabled person or a disabled person confined to a wheelchair shall be allowed, without need for an identification sticker, momentary parking on the public streets or highways, or in any metered parking space, for the purpose of loading or unloading such disabled person. No penalty shall be imposed upon the driver for such momentary parking. (Emphasis supplied.)
More specifically, you question whether a law enforcement officer is required to have the vehicle removed and charge the owner or operator with a noncriminal traffic infraction, or whether the officer has the option of utilizing s. 316.1955(6)(a) or (b). It might be noted that paragraph (a) does provide for an alternative manner for the removal of the violating or unauthorized motor vehicle. The above-cited statutory provision is plain in its meaning, and there appears no need for resort to rules of statutory construction as to the legislative intent thereof. The Legislature did not frame the provisions of paragraphs (6)(a) and (b) in terms of alternatives or discretion (see Pompano Horse Club, Inc., et al v. State ex rel. Bryan, 111 So. 801 [Fla. 1927]), a purpose which could easily have been accomplished by language such as `. . . against the motor vehicle; [or] . . . [c]harge the operator or other person in charge. . . .'
Too, in reviewing the legislative history of s. 316.1955, F. S., it is noted that the pertinent subsection was amended several times since its enactment only 4 years ago, which provides further evidence of the legislative intent.
Chapter 75-105, Laws of Florida, 1975, inter alia, created s. 316.165, F. S., now s. 316.1955, F. S., which provided a penalty clause prescribing a $15 civil penalty for violation of the parking prohibitions.
In 1977, the Legislature twice amended this provision. Chapter 77-83, Laws of Florida, approved by the Governor June 1, 1977, with an effective date of October 1, 1977, provided that the officer, upon finding a violation, `is authorized to' invoke the penalties of s. 316.1955(6)(a) and (b), F. S. However, Ch. 77-444, Laws of Florida, approved by the Governor 30 days later and providing the same effective date, utilized and substituted the mandatory language `shall' for `is authorized' in subsection (6) with regard to the enforcement of the act's provisions. When a conflict exists between two laws enacted at the same legislative session, the later expression of the legislative will prevails and should be followed. See, e.g., AGO 058-98. In compiling the 1977 statutes, the statutory reviser incorporated the mandatory language of Ch. 77-444 into s. 316.1955(6). The 1977 statutes are, of course, prima facie evidence of the law until this section is reenacted by the 1979 Legislature, or is otherwise amended during the 1979 session.
In making material changes in the language of a statute, the Legislature must be presumed to have intended an objective. Ryder Truck Rental, Inc. v. Bryant, 170 So.2d 822 (Fla. 1964). The use of the word `shall' normally has a mandatory connotation, Neal v. Bryant, 149 So.2d 529 (Fla. 1962), whereas the words `is authorized to' connote a permissive condition allowing discretion to be used by the law enforcement officer. Different results must have been intended by the Legislature in its amendment of the language, and legislative intent must control in this situation. The intent of a statute ascertained from the language thereof is the law. State ex rel. Davis v. Knight, 124 So. 461 (Fla. 1929); Pillans v. Smith Co., Inc. v. Lowe, et al 157 So. 649 (Fla. 1934); and American Bakeries Co., et al v. Haines City, et al 180 So. 524
(Fla. 1938).
In summary, therefore, I conclude that whenever a law enforcement officer finds a motor vehicle violating s. 316.1955(6), F. S., he must have the violating vehicle removed to a lawful parking space or facility or require the operator or other person in charge of the vehicle to remove it and must charge the operator or the other person in charge of the unauthorized vehicle with a noncriminal traffic infraction, punishable by a $15 civil penalty, as provided in s. 318.18(2), F. S.
Prepared by:
Joseph W. Lawrence II Assistant Attorney General