455 So.2d 1085 (1984)
Timothy DONOGHUE, Petitioner,
v.
Kurt L. WALLACH, D/B/a Hidden Village Mobile Home Park, Respondent.
No. 84-1037.
District Court of Appeal of Florida, Second District.
September 12, 1984.
Lawrence E. Queen, Clearwater, for petitioner.
William H. Walker, St. Petersburg, for respondent.
*1086 GRIMES, Acting Chief Judge.
This is a petition for writ of certiorari to review a circuit court order reversing the judgment of the county court on a state sales tax issue.
On December 5, 1981, petitioner Timothy Donoghue (buyer) entered into a written contract to purchase a mobile home from respondent Kurt L. Wallach (seller) for $23,600, payable in installments over a period of two months. There was no separate statement of the sales tax. On February 1, 1982, possession and use of the mobile home were transferred to the buyer.
In December 1982, the State of Florida Department of Revenue demanded that the seller pay the sales tax on the transaction. After the seller paid the taxes amounting to $1,180, title of the mobile home was transferred to the buyer. The seller then instituted suit against the buyer for recovery of the taxes plus interest.
Following a hearing, the county court, acting in its small claims jurisdiction, entered judgment for the buyer. The court, apparently sua sponte, applied chapter 520, the retail installment sales statute, to the cause before it.[1] The court found that the seller was a mobile home dealer as defined by the chapter, that the contract between the parties had not been executed in compliance with provisions of the chapter, and that the tax was included as part of the monies paid under the contract. Thus, the county court concluded that the buyer was not required to pay the amount of taxes to seller.
The seller then appealed to the circuit court. The circuit court agreed that by failing to separately itemize the sales taxes the seller had violated section 520.07, Florida Statutes (1981). However, the court pointed out that section 520.12, Florida Statutes (1981), the penalty section, which bars a seller in violation of the chapter from recovering certain charges, makes no reference to sales taxes. Citing Spencer v. Mero, 52 So.2d 679 (Fla. 1951), the court reasoned that payment of sales tax is an obligation of the buyer which cannot be obviated by the inadvertence of the seller. Since the contract was silent on the matter of the sales tax, the circuit court held that the buyer was legally bound to pay the amount due. The buyer seeks review from that decision.
At the outset, we believe that both the county and the circuit courts mistakenly focused upon chapter 520. While the provisions of this chapter apparently governed many aspects of the transaction, the chapter does not purport to determine the liability for the payment of sales taxes. We suggest that in order to determine this question, the proper provision to rely upon for guidance is section 212.07, Florida Statutes (1981),[2] which reads in pertinent part:
(1) The privilege tax herein levied measured by retail sales shall be collected by the dealers from the purchaser or consumer.
(2) Dealers shall, as far as practicable, add the amounts of the tax imposed under this chapter to the sale price and the tax shall be separately stated as Florida tax on any charge tickets, sales slips, invoices or other tangible evidence of sale, and such tax shall constitute a part of such price, charge or proof of sale which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law in the same manner as other debts. Any dealer who shall neglect, fail or refuse to collect the tax herein provided upon any, every and all retail sales made by him or his agents or employees of tangible personal property *1087 which is subject to the tax imposed by this chapter shall be liable for and pay the tax himself.
(3) Any dealer who shall fail, neglect or refuse to collect the tax herein provided, either by himself or through his agents or employees, shall, in addition to the penalty of being liable for and paying the tax himself, be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(4) A dealer engaged in any business taxable under this chapter shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser of the payment of all or any part of the tax, or that the tax will not be added to the selling price of the property sold or released or when added that it or any part thereof will be refunded either directly or indirectly by any method whatsoever. A person who violates this provision with respect to advertising or refund shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. A second or subsequent offense shall constitute a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
... .
(9) Any person who has purchased at retail, used, consumed, distributed, or stored for use or consumption in this state tangible personal property, admissions, communication services, or leased tangible personal property, or who has leased any commercial offices or buildings, real property, space or spaces in parking lots or garages for motor vehicles or docking or storage space, or spaces for boats in boat docks or marinas and cannot prove that the tax levied by this chapter has been paid to his vendor or lessor shall be directly liable to the state for any tax, interest, or penalty due on any such taxable transactions.
The tax is said to be a "privilege" tax measured against retail sales which shall be collected by the dealer (seller) from the purchaser. § 212.07(1). The seller is supposed to add the tax to the sales price. § 212.07(2). Any seller who neglects or fails to collect the tax becomes personally liable for its payment, section 212.07(2), and he may also be subject to criminal sanctions. § 212.07(3). We are convinced that the portion of section 212.07(2) which provides that the sales tax is a debt from the purchaser to the seller is conditional upon the seller's compliance with the requirement to separately state the tax on the charge slip, sales slip, invoice or other tangible evidence of the sale.
In Spencer v. Mero, 52 So.2d 679 (Fla. 1951), in a dispute over whether a merchant was liable to the state for sales tax proceeds which he had collected and which were later stolen, the supreme court did make the observation that the sales tax was a tax against the buyer rather than the seller. However, in Green v. Panama City Housing Authority, 115 So.2d 560 (Fla. 1959), the court held that the tax on rentals prescribed by section 212.03, Florida Statutes, was an excise tax levied upon landlords for the privilege of doing business in the state and receded from any language to the contrary in Spencer v. Mero. Any doubt that this principle was intended to be limited to taxes on rentals was dispelled in Ryder Truck Rental, Inc. v. Bryant, 170 So.2d 822 (Fla. 1964), when the supreme court said:
It is well settled that the sale or use tax is a tax on the privilege of engaging in a particular business on [sic] occupation. The tax is not levied against the consumer, but upon the businessman who is engaged in the business or occupation.
170 So.2d at 825. See also State Department of Revenue v. Anderson, 403 So.2d 397 (Fla. 1981).
Therefore, in the instant case, the seller, by failing to collect the sales taxes and to separately state the amount of the taxes, waived any right to later recover the amount of the taxes from the buyer. Accordingly, we grant the petition for writ of certiorari and quash the order of the circuit *1088 court which reversed the judgment of the county court.
CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] Upon review, the circuit court in its order stated the county court had been "justified in applying the law that an unrepresented party did not plead, for Small [C]laims Court is a People's Court in which technical rules of pleading must not obscure the greater purpose of justice for all." The circuit court also commended the trial court for its action.
[2] We reject the seller's argument that we must decide this case upon a construction of chapter 520. The buyer was not necessarily relying upon this chapter in the county court and contends that he argued section 212.07 before the circuit court. In any event, the parties cannot bind this court to decide a case upon an erroneous legal premise.