PER CURIAM.
A purchasing agent claiming breach of contract seeks reversal of the summary judgment granted in the purchasers’ favor. We reverse.
In June 1984, Leonard Parker Company entered into a written agent agreement with appellee Py-Vavra. The agreement provided that Parker would contract for work, furniture, and furnishings on Parker purchase order forms for the account of appellees with appellees to pay the costs of freight, delivery, redelivery, warehousing, installation, and sales, use, or other taxes. Subsequent to the agreement, appellee Expo was formed and assumed all Py-Vav-ra’s contract obligations. Parker’s performance was completed in 1987. In 1989, the Florida Department of Revenue conducted a sales tax audit of Parker and discovered sales tax of $134,640.29 was not paid for Expo merchandise. Parker, confessing a computer error, paid that amount plus interest and penalties and sought reimbursement of the sales tax amount from Expo. Expo claimed no payment was due *643 and Parker brought this breach of contract action.
Appellees, citing Donoghue v. Wallach, 455 So.2d 1085 (Fla. 2d DCA 1984), correctly observe that under section 212.07(2), Florida Statutes (1989), the burden for paying an uncollected sales tax is by statute on the dealer who fails to collect the tax at the time of a sale. However, Donoghue did not involve an agreement in which a purchaser explicitly obligated itself to pay all taxes. The rights and obligations of contracting parties are determined by the terms of their agreement. Brown v. North St. Lucie River Drainage Dist., 152 Fla. 107, 10 So.2d 910 (1942); National Health Laboratories, Inc. v. Bailmar, Inc., 444 So.2d 1078 (Fla. 3d DCA), review denied, 453 So.2d 43 (Fla.1984). In the instant case, if no contractual provision had stated otherwise, Parker may have been held solely liable for the tax. Because, however, appellees specifically assumed that obligation, we need look no further than the contract itself to determine that summary judgment was improperly granted appellees.
Accordingly, the order granting summary judgment is reversed and remanded for further proceedings.