BOOTH, Judge.
This cause is before us on appeal from an order awarding partial summary judgment and finding appellant liable for various tax assessments.
In January 1988, Structural Steel, Inc. and Owen Joist of Florida, Inc. entered into a contractual relationship whereby Structural Steel would place orders for goods subject to sales tax, and Owen Joist would ship the finished product to an agreed destination. Owen Joist would subsequently bill Structural Steel for the cost of the product. The parties continued this relationship for 22 months, with Owen Joist billing Structural Steel on 27 separate occasions for shipments.
After the relationship terminated on October 27, 1989, Owen Joist noticed that 26 invoices stated a total purchase price but did not separately assess or state the applicable Florida sales tax. Subsequently, the State of Florida sued Owen Joist for the sales tax, plus interest and penalties. Owen Joist paid the State and sought reimbursement of the assessed taxes from Structural Steel. Structural refused payment, and the present action ensued.
Section 212.07(2), Florida Statutes,[1] specifically places the burden for payment of uncollected sales tax on the dealer who neglects to collect the tax at the time of the *952 sale. Leonard Parker Company v. SPV Partners, 582 So.2d 642 (Fla. 3d DCA 1991). In Donoghue v. Wallach, 455 So.2d 1085 (Fla. 2d DCA 1984), the court held that a “seller, by failing to collect the sales taxes and to separately state the amount of the taxes, waived any right to later recover the amount of the taxes from the buyer.” Owen Joist’s failure to comply with the requirements of Section 212.07, Florida Statutes, results in a waiver of any right to reimbursement from Structural Steel. Therefore, we must reverse.
Accordingly, the order is reversed and remanded for proceedings consistent herewith.
JO ANOS and ALLEN, JJ., concur.

. Section 212.07(2), Florida Statutes, provides in pertinent part:
[A]ny dealer who neglects, fails, or refuses to collect the tax herein provided upon any, every, and all retail sales made by him or his agents or employees of tangible personal property or services which are subject to the tax imposed by this chapter shall be liable for and pay the tax himself.