QUESTIONS: 1. When does the requirement in the Community Mental Health Act, as amended, for the 25 percent mandatory participation by the governing body or bodies in the funding of mental health services take effect? 2. Does this 25 percent mandatory participation requirement apply to the operating budget of the district mental health boards, or is the intent of the law that the state fund the boards' operating budgets at 100 percent? 3. Are the staffs of the district mental health boards state employees? 4. Are the district mental health boards state boards so as to be subject to the statutory requirements of competitive bidding, Department of General Services lifecycle cost analysis and approval for leasing, and the Sunshine Law?
SUMMARY: Pursuant to the provisions of Ch. 76-221, Laws of Florida, the 25 percent mandatory participation requirement, in the sense of the effective or operative date of that statute, on the part of the governing body or bodies of the several counties within a Department of Health and Rehabilitative Services district or subdistrict for the funding of mental health services took effect July 1, 1976. The 25 percent mandatory participation requirement applies to the operating budget of the district mental health boards, and there is no intent or requirement that the state fund the boards' operating budgets at 100 percent of their operating expenses. The district mental health boards' staffs are not state employees. District mental health boards are not state boards or agencies within the contemplation of Chs. 287 and 255, F. S., so as to be subject to the competitive bidding or lifecycle cost analysis requirements thereof; district mental health boards are public agencies or boards within the contemplation of s. 286.011, F. S., the Government in the Sunshine Law, so as to be subject to the open-meeting requirements thereof. Part IV of Ch. 394, F. S., known as the Community Mental Health Act (hereinafter act), provides for, among other things, the organization and financing of community mental health services throughout the state and the establishment of a uniform ratio of state government responsibility and local participation in financing mental health services. Section 394.66(1) and (5). Chapter 76-221, Laws of Florida, amending various sections of, and adding various sections to, Part IV of Ch. 394, F. S., was adopted into law with the additional legislative intent, among others, that community mental health care be included as a component of the integrated delivery system of the Department of Health and Rehabilitative Services (hereinafter department). Section 394.66(8), F. S. (1976 Supp.). AS TO QUESTIONS 1 AND 2: Section 11 of Ch. 76-221, Laws of Florida, amends s. 394.76, F. S., in part, by creating s.394.76(9), F. S. (1976 Supp.), which provides: (9) Governing bodies within a district or subdistrict shall be required to participate in the funding of mental health services under the jurisdiction of said governing body, and the amount of the participation shall be no less than 25 percent of the net balance of the total budget, as approved, as set forth in s. 394.76. (Emphasis supplied.) Section 394.69(4), F. S. (1976 Supp.), provides that the total operating budget of any mental health board or boards within any department district shall not exceed 6 percent of the approved district mental health budget or $150,000, whichever is less. Pursuant to the legislative intent embodied within Ch. 76-221, Laws of Florida, each district administrator is charged with the responsibility of initiating and coordinating the reorganization of the mental health board(s) within his district. Section 394.69(1), F. S. (1976 Supp.). Additionally, each mental health board, subject to the provisions of the act and the department's regulations, shall review and evaluate the mental health needs, services, and facilities within its jurisdiction and prepare a district plan and budget based thereon; shall receive and disburse funds entrusted to it by law or received from other public and private sources; and shall contract for state funds with the district administrator for the coordination and disbursement of such funds. Section 394.71(1), (2), and (3), F. S. (1976 Supp.). Each mental health board is authorized, subject to the department's approval and regulations, when sufficient funds are available, to contract for state funds on a matching basis in the establishment and operation of local mental health programs with any hospital, clinic, laboratory, institution, or other appropriate service agency. Section 394.74(1), F. S. In drafting and preparing the district mental health plan, each board shall reflect the program priorities established by the department and the needs of the district, including a list of the mental health services and the service providers which will receive state and county funds. Section 394.75(1)(a), F. S. (1976 Supp.). In providing within Ch. 76-221, Laws of Florida, for the reorganization of the several mental health boards; the review and evaluation of the various mental health needs and facilities within each board's jurisdiction; the preparation of the district plan and budget based on this evaluation and subject to the department's regulations and approval; the receipt and disbursal of funds; the contracting for state funds; and the contracting for various services with local agencies and facilities when funds are available, subject to the department's regulations and approval, based upon the board's operating budget reflecting the program priorities established by the department, including the service providers who are to receive state and county funds, it is clearly the intent of the Legislature that s. 394.76(9), F. S. (1976 Supp.), which sets out the minimum local government financial participation criteria in the funding of mental health services within their respective jurisdictions, applies to the operating budgets of the district mental health boards. I might also note that those services included within the district plan of which the district administrator informs the board will be state funded, pursuant to s. 394.76(1), F. S. (1976 Supp.); those services and service providers within the district mental health plan, including those which will receive state and county funds pursuant to s. 394.75(1)(a), F. S. (1976 Supp.); those funds which each board is entrusted with by law and those funds which each board may receive from other public and private sources pursuant to s. 394.71(2), F. S.; as well as the review and evaluation of the mental health needs, services, and facilities within its jurisdiction made by each mental health board in preparing a district plan and budget pursuant to s. 394.71(1), F. S.; and those enumerated services provided for within s. 394.75(3), F. S., which a board may include within its plan, in addition to the overall district board's district plan and budget, its contract and disbursements; comprise and are integral components of the total operating costs of the services provided for and enumerated in s. 394.75(3), supra, and referred to in s. 394.76(4)(a), F. S. (1976 Supp.), including the board's director and those staff personnel appointed by the board or its director. Section394.76(4), F. S. (1976 Supp.), provides that the state's share of financial participation shall be determined by the following formula: (a) The state's share shall be a percentage of the net balance determined by deducting from the total operating cost of services and programs as specified in subsection 394.75(3): 1. Those expenditures which are not reimbursable as provided in subsection (7). 2. Federal grants, excluding funds earned under title XX of the Social Security Act. 3. Inpatient fees and third party payments . . . for which reimbursement has been requested from the state. (Emphasis supplied.) The legislative intent embodied within the act is to establish a uniform funding percentage of 75 percent state financial participation for all community-based, state-aided mental health and alcoholism prevention, treatment, and control programs. The state's annual share of financial participation is 75 percent of the net balance determined in accordance with s. 394.76(4)(a), F. S. (1976 Supp.). Section 394.76(4)(b), F. S. Clearly, there is no intent embodied within the act or any provision therein requiring the state to fund such operating budgets of the boards at 100 percent. In any event, only those moneys duly appropriated by the Legislature for the purposes of grants to or reimbursements of or disbursements to the local mental health boards may be lawfully distributed to such boards by the officers of the state. Also see s. 394.76(3), F. S., and s. 394.76(3), F. S. (1976 Supp.). Section 16 of Ch. 76-221, Laws of Florida, provides that the effective date of this act shall be July 1, 1976, except that ss. 3, 4, and 5 and the amendments to s. 394.67(1), F. S., contained in s. 2 shall take effect January 1, 1977, and the amendment to s. 394.76(6), F. S., contained in s. 11, dealing with claims for state reimbursement under a purchase of service approach, shall take effect July 1, 1977. Therefore, the 25 percent mandatory participation requirement, in the sense of the effective or operative date of the statute, set forth in s. 394.76(9), F. S. (s. 11, Ch. 76-221), took effect on July 1, 1976, the effective date of the act, since subsection (9) of s. 394.76 is not excepted from the general operative or effective date of the statute. Undoubtedly, s.394.76(9), F. S. (1976 Supp.), operates to require the governing bodies within a district or subdistrict to participate in the funding of mental health services within their jurisdiction in an amount not less than 25 percent of the net balance of the total budget, as determined in s. 394.76(4), i.e., by deducting from the total operating cost of the services and programs authorized and delineated in s. 394.75(3), F. S., those expenditures, grants, fees, and payments enumerated in s. 394.76(4)(a), F. S. (1976 Supp.). AS TO QUESTION 3: With respect to the funding and staffing of district mental health board personnel, s. 394.76(7), F. S. (1976 Supp.), provides that expenditures (of the boards) . . . subject to state reimbursement shall include expenditures for approved salaries of personnel . . . . They shall not include expenditures for compensation to members of a community mental health board, except actual and necessary expenses incurred in the performance of official duties, or expenditures for a purpose for which state reimbursement is claimed under any other provision of law. Pursuant to s. 394.67(10), F. S. (1976 Supp.), the terms "mental health board" and "board" are defined for the purposes of the act as "the board within a Department of Health and Rehabilitative Services district or subdistrict established in accordance with provisions of this part for the purposes of coordinating community mental health programs." (Emphasis supplied.) Cf. s. 394.67(10), F. S. 1975, which defined the terms "mental health board" or "board" as the board within a board district established in accordance with the provisions of this part for the purposes of administering a community mental health program. The board is established within the service districts created by s. 20.19(4)(a), F. S. (through which the department administers its programs), to coordinate mental health services. Section 394.69, F. S. (1976 Supp.). The board is appointed, pursuant to s. 394.70(1), F. S. (1976 Supp.), by the governing body or bodies (county commissions) having jurisdiction in the board district; s. 394.70(1), F. S. 1975, and s. 394.70(1), F. S. (1976 Supp.), containing identical provisions in this regard, and cf. s. 394.70(1)(e), F. S. (1976 Supp.) with s. 394.70(g), F. S. 1975. The board is authorized to appoint a director for the board district pursuant to s. 394.72(5), F. S. 1975, and see s. 394.72(1), F. S. (1976 Supp.), referring to the "board director appointed by the board." Cf. s. 394.72, F. S. 1975. The staff of the district administrator is prohibited from duplicating the activities of "the staff of the district mental health board." Section 394.72, F. S. (1976 Supp.). Subject to the rules and regulations of the department, any county within a board district shall have the same authority to contract for mental health services as does the department under existing statutes. Section 394.72(1), F. S. (1976 Supp.). Cf. s. 394.73(1), F. S. 1975, for substantially identical provisions. Additionally, the counties within a board district may enter into joint agreements with each other for the establishment of joint mental health programs, the joint operation of facilities and services, or the operation of services and facilities by one participating county under contract with other participating counties, s. 394.73(2), F. S. 1975, and, in certain circumstances and upon certain conditions, any county may withdraw from such joint programs. Section 394.73(4), F. S. (1976 Supp.). The district plan of the board, when approved, and the board's budget, see s. 394.76(4)(c), F. S. (1976 Supp.), includes expenditures for approved salaries of personnel pursuant to s. 394.76(7), F. S. (1976 Supp.), and expenditures for capital improvements pursuant to s. 394.76(8), F. S. (1976 Supp.), among others, and these expenditures of the board are reimbursed to it by the state, or the board is otherwise granted funds therefor, for the board's operating expenses. Based on the aforementioned statutory authorities, it is clear that the board's operations, the development and implementation of the district plan and budget, the coordination of mental health service within the district, and the disbursement of state and local funds to facilitate the availability and delivery of these services constitute essentially a locally based, state-aided program which is funded by state, local, and federal moneys and patient fees or service charges. The overall community mental health program which is implemented by the act is administered by the department with each local board coordinating the services, budgets, and disbursements of the several moneys and funds therefor, within their respective districts. See s. 394.75(1) and (5), F. S. (1976 Supp.) and s. 394.75(2), (3), and (4), F. S. 1975. Nowhere within the statutes can I find authority for a district mental health board to submit a legislative budget to the Department of Administration and the Governor for their approval and submission to the Legislature. However, s. 20.19(8), F. S., specifically provides for the annual development and submission by the secretary of the department, to the Legislature, of a comprehensive departmental budget which shall array district budget requests along program lines. In view of the foregoing authorities and by virtue of the fact that the personnel comprising the board staff do not meet the criteria enumerated within s. 216.011(1)(y) and (z), F. S., or Ch. 110, F. S., I am of the opinion that the staffs of the district mental health boards are not state employees. Cf. AGO's 073-32, 076- 53, 076-54, and 076-185. AS TO QUESTION 4: With respect to the first part of your fourth question, as to whether the district mental health boards are state boards or agencies so as to be subject to the statutory requirements of competitive bidding provided for within the state purchasing law, I recently had the occasion to opine the following: Part I, Ch. 287, F. S., deals with purchasing activities by the state on behalf of state agencies and was brought into the statutes by s. 22, Ch. 69-106, Laws of Florida. Section 287.012 is the definitional section of the state purchasing law, which defines a state agency as "any of the various state officers, departments, boards, commissions, divisions, bureaus, councils, and any other unit of organization however designated." As indicated by its title, Ch. 69-106, supra, is an act relating to the executive branch of government. Its purpose was to restructure the executive branch of government and to consolidate and reorganize existing agencies pursuant to the mandate of s. 6, Art. IV, State Const. The definition contained in s. 287.012(1), F. S., is essentially the same as the general definition of agency found in the Governmental Reorganization Act at s. 20.03(11), F. S. Consequently, it appears that the agencies covered by the state purchasing law are those agencies within the executive branch of state government. To be subject to the purchasing requirements of Ch. 287, F. S., an entity would have to be assigned within the executive branch of government by Ch. 20, F. S. (Ch. 69- 106, Laws of Florida), or a later enactment. [Attorney General Opinion 076-185.] Chapter 70-109, Laws of Florida, was enacted into law after the Governmental Reorganization Act, Ch. 69-106, Laws of Florida, and the district mental health boards which it created were not assigned to the executive branch of state government. Therefore, the district mental health boards do not appear to be a part of the executive branch of state government and are not subject to Ch. 287, F. S. Cf. AGO 076-185. The Florida Energy Conservation in Buildings Act of 1974, ss. 255.251-255.256, F. S., provides for, among other things, life-cycle cost analysis and evaluation of facilities constructed or leased by state agencies. Section 255.254, F. S., provides in part that "[n]o state agency shall lease, construct, or have constructed . . . a facility without having secured from the division a proper evaluation of life-cycle costs." However, s.394.76(7) and (8), F. S. (1976 Supp.), provides for authorized expenditures of the several district mental health boards and for the reimbursement thereof to the boards by the state upon the approval of such expenditures by the district administrator. Cf. s. 394.76(7) and (8), F. S. 1975. Section 394.76(8), F. S. (1976 Supp.), provides that: (8) Expenditures for capital improvements relating to construction of, additions to, purchase of, or renovation of a community mental health facility may be made by the state, provided said expenditures or capital improvements are part and parcel of a community mental health plan adopted by a board district and approved by the district administrator. Nothing shall prohibit the use of said expenditures for construction of, additions to, renovation of, or purchase of facilities owned by a county, city, or other governmental agency of the state or a nonprofit entity. Such expenditures shall be subject to the provisions of subsections (4) and (6) above. (Emphasis supplied.) From the operative provisions of s. 394.76(8), supra, it is apparent that the Legislature did not intend for district mental health boards to be subject to the life-cycle cost analysis provisions of ss. 255.251-255.256, F. S., in the leasing or constructing of facilities and that these sections have reference to state buildings or buildings leased by the state. It is a general principle of statutory construction that when a statute enumerates the things on which it is to operate or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned. Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944); Wanda Marine Corp. v. State, 305 So.2d 65 (1 D.C.A. Fla., 1974). Section 394.71(6), F. S. (1976 Supp.), establishes as a duty that each mental health board: [s]hall schedule meetings with local governments, community and citizen groups, and service providers, no less than once a year, to enhance information exchange and access to decision making. Such meetings shall be advertised in a newspaper of general circulation in the board district, at least one time, no more than 10 days and no less than 7 days prior to such meeting. It is intended that such meetings shall be widely publicized. (Emphasis supplied.) Section 286.011, F. S., commonly known as the "Sunshine Law," provides: (1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation, or formal action shall be considered binding except as taken or made at such meeting. Subsection (2) of s. 286.011, supra, further provides that the minutes of any such meeting shall be promptly recorded and the same shall be open to public inspection. As I have had the opportunity to opine on many occasions since the adoption of the present Sunshine Law, the courts have stated, almost without exception, that all phases of the decision-making process, including collective inquiry and discussion, must be conducted in the sunshine and that the Sunshine Law, s. 286.011, F. S., requires that all meetings of a public board or commission, or any two or more members thereof, be open to the public. Attorney General Opinions 075-37 and 075-41. Cf. AGO's 074-169, 073-223, 073-159, and 071-389; Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), on remand298 So.2d 443; City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). Based upon the foregoing authorities and the express provisions of s. 394.71(6), F. S. (1976 Supp.), I am of the opinion that the district mental health boards are public agencies within the contemplation of s. 286.011, F. S., and subject to the requirements thereof. With respect to the financial disclosure aspect of your fourth question, part III of Ch. 112, F. S., vests authority for this, among other matters, with the State of Florida Commission on Ethics, which has the authority to issue opinions and declaratory statements in this regard. Generally, however, I might note that, pursuant to s. 112.3145, any local board member of any board of any county or counties, excluding advisory boards, appears to be subject to the provisions thereof, but your question in this regard should be addressed to and answered by the Commission on Ethics.