# SEMINOLE TRIBE OF FLORIDA, etc. v STATE OF FLORIDA, DEPARTMENT OF BUSINESS REGULATION, etc.

## Case No. 85-1798R

State of Florida, Division of Administrative Hearings

November 6, 1985

### APPEARANCES OF COUNSEL

**Robert S. Cohen** and **Bob L. Harris** for petitioner.

**Harry F. X. Purnell,** Department of Business Regulation, for respondent.

### OPINION

K. N. AYERS, Hearing Officer.

Pursuant to notice, the Division of Administrative Hearings, by its duly designated Hearing Officer, K. N. Ayers, held a public hearing in the above-styled case on September 10, 1985, at Tallahassee, Florida.

By Petition to Determine the Validity of Proposed Rules dated May 17, 1985, the Seminole Tribe of Florida and Seminole Wholesale Distributors, Inc., Petitioners, challenged the validity of Proposed Rule 7A-10.26, *Florida Administrative Code.*

At the hearing the parties stipulated that Petitioners had standing to challenge the proposed rule, that there are no disputed facts, and the parties would submit stipulated facts to the Hearing Officer, that the only testimony to be presented would be the late-filed deposition of Howard Rasmussen, Director, Division of Alcoholic Beverages and Tobacco, whose testimony would be submitted regarding the economic impact statement, and that the parties would submit briefs and reply briefs to the Hearing Officer arguing the merits of their respective positions, with the last reply brief submitted not later than October 25, 1985. No proposed orders have been submitted by these parties. Findings of Fact 1-4 are the proposed findings of fact submitted in Petitioner's Memorandum of Law challenging the validity of Proposed Rule 7A-10.26. Remaining findings are from the late-filed deposition of Mr. Rasmussen.

## FINDINGS OF FACT

1. That those facts alleged by Petitioner in the Petition to Determine the Invalidity [sic] of A Proposed Rule supporting the Petitioner's standing to bring a Chapter 120.54(4), *Florida Statutes,* rule challenge are correct and are sufficient to establish such standing.

2. The notice of the proposed rule and the rule itself, first published at 11 *Florida Administrative Weekly* 1866, on May 3, 1985, are stipulated into evidence as forming the basis of the matter in controversy in this cause.

3. The issues set forth in the Petition to Determine the Invalidity [sic] of A Proposed Rule as to whether the Respondent has the authority to promulgate the rule in question form the sole basis of this controversy. Respondent and Petitioners have agreed to submit simultaneous Memoranda of Law in support of their respective positions. The memoranda shall be filed on or before October 11, 1985. Petitioners and Respondent will file rebuttal memoranda on or before October 21, 1985. The Hearing Officer shall then have thirty (30) days in which to render his final order in this cause.

4. Petitioners and Respondent have agreed to stipulate to all facts necessary to maintain this cause, other than those facts which may have arisen during the deposition of Howard Rasmussen, Director, Division of Alcoholic Beverages and Tobacco, which was scheduled

and subsequently held on September 11, 1985. A transcript of that deposition was received by DOAH October 11, 1985.

5. Because the Director, Division of Alcoholic Beverages and Tobacco (Rasmussen), in discussions with the Secretary of the Department of Business Regulation and the General Counsel thereof, concluded confusion exists regarding the current interpretation of the words "Seminole Indian Tribe, or the members thereof" in Section 210.05(5), *Florida Statutes*, he instigated Proposed Rule 7A-10.26 to clarify the meaning of these words.

6. The "enrolled member" language in the proposed rule was included because the state maintains records regarding the enrolled membership of the Seminole Indian Tribe. Such enrollment clearly establishes membership in the Seminole Indian Tribe and is a form of registration of Seminole Indians with the state.

7. The Economic Impact Statement (EIS) accompanying the proposed rule states the cost to the agency is essentially limited to the cost of promulgation of the proposed rule. The EIS further states the sale of tax-free cigarettes on Seminole Indian Reservations produced approximately $10 million in income during fiscal year 1983; of that, only about $3.5 million was received by the Seminole Indian Tribe as income. The rule will have a significant impact on the current beneficiaries of the $6.5 million profit not received by the Seminole Indian Tribe.

8. The need for the proposed rule and some of the information appearing in the EIS appeared during legislative committee proceedings considering proposed legislation to limit the retail sale of tax-free cigarettes on Seminole Indian Reservations to members of the Seminole Indian Tribue instead of to the general public, as the law now allows.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction over the parties to, and the subject matter of, these proceedings. The proposed rule cites as specific authority for its promulgation Sections 210.09, 210.10(1), and 210.11, *Florida Statutes*, and the law implemented as Sections 210.05(5) and 210.09(2), *Florida Statutes*.

Section 210.05(5) provides:

Agents or wholesale dealers may sell stamped but untaxed cigarettes to the Seminole Indian Tribe, or to members thereof, for retail sale. Agents or wholesale dealers shall treat such cigarettes and the sale thereof in the same manner, with respect to reporting and stamping, as other sales under this chapter, but agents or wholesale

210

dealers shall not collect from the purchaser the tax imposed by § 210.02. The purchaser hereunder shall be responsible to the agent or wholesale dealer for the services and expenses incurred in affixing the stamps and accounting therefor.

Section 210.09(2) provides:

The Division is authorized to prescribe and promulgate by rules and regulations, which shall have the force and effect of the law, such records to be kept and reports to be made to the Division by any distributing agent, wholesale dealer, retail dealer, common carrier, or any other person handling, transporting or possessing cigarettes for sale or distribution within the state as may be necessary to collect and properly distribute the taxes imposed by § 210.02. All reports shall be made on or before the tenth day of the month following the month for which the report is made, unless the Division by rule or regulation shall prescribe that reports be made more often.

Section 210.10(1) provides:

The Division of Alcoholic Beverages and Tobacco is authorized to prescribe and promulgate all rules and regulations necessary to effectuate the provisions of this chapter and consistent with the terms hereof.

The proposed rule's primary change from the existing rule is to more explicitly define "the Seminole Indian Tribe or to members thereof." Secondarily, it adds trust lands to Seminole Indian Reservations as definition of places where these tax-free cigarettes may be sold and requires wholesalers to obtain from the retail establishments selling these tax-free cigarettes documentation to show the sale was to authorized persons. This includes a notarized affidavit setting forth the names of all persons or entities holding a direct or indirect interest in the retail business purchasing such cigarettes and all persons or entities entitled to share in the profits or income of the retail business purchasing such cigarettes [for resale].

Petitioners challenge this proposed rule on two grounds: (1) that the rule is an invalid delegation of legislative authority; and (2) the Summary of the Economic Impact Statement fails to comply with the requirement of Section 120.54(2), *Florida Statutes* (1984) Supp.). Petitioners have neither alleged that the proposed rule is invalid because it is arbitrary or capricious nor have they presented evidence to support such a contention. Instead, all grounds for challenge are directed to the facial validity of the rule as going beyond or in conflict with the statutory authority underlying the rule.

Petitioners' contention that the authority for the proposed rule is limited to Sections 210.05(5) and 210.09(2) is without merit. The proposed rule cites Section 210.09, 210.10, and 210.11 as authority for the proposed rule although only Sections 210.05(5) and 210.09(2) are listed as sections of the law implemented by the rule.

Petitioners' contention that the proposed rule's requirement that sales of untaxed but stamped cigarettes can be made only to a retail business exclusively owned by the Seminole Indian Tribe or to an enrolled member thereof is beyond the authority granted by Section 210.05(5), *Florida Statutes*, is also without merit. As noted above, Section 210.05(5) provides that agents or wholesalers may sell stamped but untaxed cigarettes to the Seminole Indian Tribe or to members thereof, for retail sale. The proposed rule merely gives a more specific definition to whom is included as a Seminole Indian. It is firmly established that an agency's interpretation of a statute it enforces is entitled to great weight. *San Souci v. Florida Division of Land Sales*, 421 So.2d 623 (Fla. 1st DCA 1982). Further, an agency is afforded a wide discretion in the interpretation of a statute which it administers and will not be overturned on appeal unless clearly erroneous. The reviewing court will defer to any interpretation within the range of possible interpretation. *Natelson v. Department of Insurance*, 454 So.2d 31 (Fla. 1st DCA 1984).

Petitioners' contention that, by specifically limiting retail sales to retail establishments located on Seminole Indian Reservations or trust lands the rule adds to the statutory criteria, is more troublesome. However, the predecessor rule to Proposed Rule 7A-10.26 limited retail sales of stamped but untaxed cigarettes to "Indians on Indian Reservations" and that rule has been extant since 1979. This interpretation of Section 210.05(5), which limits sales of stamped and untaxed cigarettes to Indian retailers located on Seminole Indian Reservations is the interpretation obviously intended by the legislature. No one has contended that the statute would authorize sale of stamped but untaxed cigarettes to Seminole Indians for resale at a smoke shop located other than on a Seminole Indian Reservation. In this respect the proposed rule is unchanged from its predecessor and Petitioners' attack on this ground is not valid.

Petitioners next contend the requirement, that any agent or wholesaler provide the Division with a notarized affidavit setting forth all persons or entities holding a direct or indirect interest in the retail business purchasing such cigarettes and sharing in the profits thereof, is beyond the statutory requirements and imposes additional conditions not provided for in the enabling statutes.

212

The fundamental rule of construction is that tax laws are to be construed strongly in favor of the taxpayer and against the government, and that all ambiguities are to be resolved in favor of the taxpayer. *Maas Brothers v. Dickinson,* 195 So.2d 1983 (Fla. 1967); but exemptions to taxing statutes are special favors granted by the legislature and are to be strictly construed against the taxpayer. *Wanda Marine Corp. v. Department of Revenue,* 305 So.2d 65 (Fla. 1st DCA 1974). Doubtful language in taxing statutes should be resolved in favor of taxpayers but the reverse is true in construction of exceptions and exemptions from taxation. *Department of Revenue v. Skop,* 383 So.2d 678 (Fla. 5th DCA 1980).

Section 210.09(2), *Florida Statutes,* above-quoted, specifically authorizes the Division to promulgate rules respecting recordkeeping and accountability for taxes on cigarettes sold in this state. That authority certainly covers those records required to be maintained by one who is attempting to show the sale is tax-exempt. Without reviewing the various statutory provisions relating to the levying and collection of taxes in Florida, it is sufficient to say that the tenor of these chapters (relating to sales tax, corporate income tax, documentary stamp tax, etc.) requires anyone claiming exemption from such taxes to maintain such records as are needed to clearly prove the transaction was exempt from tax. Section 210.05(5) specifically requires sale of stamped and untaxed cigarettes by the wholesaler to be accounted for in the same manner, with respect to reporting and stamping, as other sales under this chapter. Requiring the wholesaler to produce documentation to show the sale to the retailer of stamped but untaxed cigarettes is to one authorized to sell at retail such cigarettes is in conformity with all of the provisions of Chapter 210 and is a valid requirement.

In their challenge to the adequacy to the EIS Petitioners allege the Summary of Economic Impact fails to conform to the requirements of Section 120.54(2)(a), *Florida Statutes.* Section 120.54(2)(a) speaks to the EIS, not to a summary thereof. The EIS filed with the rule estimates the cost to the agency to be essentially the cost of promulgating the proposed rule, states that the smokeshops on Indian Reservations or trust lands, not exclusively owned by the Seminole Indian Tribe or members thereof, would be unable to purchase and sell tax-free cigarettes, and that the difference between the $10 million earned on sale of tax-free cigarettes and the $3.5 million that was received by the Seminole Indian Tribe would be impacted and this $6.5 million would be lost by those now receiving it who are not a member of the Seminole Indian Tribe.

In assessing the impact of the EIS on the proposed rule, the

**213**

harmless error rule applies. *Plantation Residents Association, Inc. v. Gramith*, 424 So.2d 879 (Fla. 1st DCA 1982). Petitioners have the burden of showing the fairness of the proceeding or correctness of the action was impaired by the inadequate EIS. *School Board of Broward County v. Gramith*, 375 So.2d 340 (Fla. 1st DCA 1979). This burden, Petitioners have failed to meet. Accordingly, even if the EIS is deemed inadequate, and no evidence was presented to show, other than the EIS itself, how or in what manner the EIS is inadequate, no error or harm to Petitioners has been shown.

From the foregoing it is concluded that Petitioners have failed to prove, by a preponderance of the evidence, that Proposed Rule 7A-10.26, *Florida Administrative Code*, is an invalid exercise of delegated legislative authority. It is

ORDERED that the Petition of Seminole Indian Tribe, Florida Seminole Wholesale Distributors, Inc., challenging the validity of Proposed Rule 7A-10.26, *Florida Administrative Code*, be dismissed.

DONE AND ORDERED this 6th day of November, 1985, at Tallahassee, Florida.