# G. R. SWAN ENTERPRISES, INC v STATE OF FLORIDA, DEPARTMENT OF REVENUE

## Case No. 85-2228

Second Judicial Circuit (Leon County)

May 7, 1986

### APPEARANCES OF COUNSEL

**Ray Graham** for plaintiffs.

**Edwin A. Bayo,** Assistant Attorney General, for defendants.

### OPINION OF THE COURT

CHARLES E. MINER, JR., Circuit Judge.

This cause is before the Court on Motions for Summary Judgment filed by both parties to this controversy. The operative facts of the case are not disputed and can be summarized briefly.

The Plaintiff corporation, acting through its President, Reynold W. Swanson, purchased a 1984 53' Hatteras motor yacht from a registered boat dealer, Hatteras of Ft. Lauderdale, on or about August 21, 1984.

Plaintiff took possession of the boat on August 24, 1984 and removed it from the State of Florida on that same day. The boat was kept in the Bahamas for several months and returned to Florida on March 2, 1985.

Notwithstanding its acknowledgement that the sale of the boat to Plaintiff was exempt from the Florida sales tax by virtue of the provisions of Sec. 212.05(1)(a)(2), F. S., Defendant maintains that the vessel is subject to the use tax imposed by Sec. 212.06(8), F.S. because it was "imported" into the State after the six month hiatus in the Bahamas and has been berthed on Florida's lower west coast from time to time and used extensively in state waterways.

Plaintiff contends that the yacht was purchased primarily for use as a live-aboard vessel in the Bahamas; that it returned to Florida in March 1985 for warranty maintenance, returned to the Bahamas the following month where it was located on the date of the contested assessment and remained until this litigation was instituted.

Sec. 212.05(1)(a)(2), F. S. exempts a boat purchased in Florida from a "registered dealer" from the *sales tax* if

1) the boat is removed from Florida within ten (10) days of purchase or completion of alterations or repairs;

2) the purchaser furnishes written proof to the registered dealer that the boat has been "licensed, registered or documented . . . outside the state";

3) the purchaser files an affidavit with the registered dealer that he has read the provisions of the boat exemption section of Sec. 212.05, F.S. and

4) the registered dealer makes the purchaser's affidavit a part of his permanent record.

If the purchaser permits the boat to return to Florida within six (6) months of the date it departed this State or otherwise fails to comply the removal provisions of the statute, he shall be liable for *use* tax on the cost price of the boat together with a penalty equal to the tax payable.

Defendant concedes that Plaintiff has scrupulously complied with the removal provisions of the boat exemption provision of Sec. 212.05(1)(a)(2), F.S. but seeks to impose a use tax on the boat by virtue of the provisions of Sec. 212.06(8), F.S. This Section is general in its terms, and while not specifically mentioning boats, exacts a use tax on "tangible personal property *imported* . . . into this State for use . . . in this State". It creates a statutory presumption that tangible

**103**

personal property used in *another state* for six (6) months or longer "before being imported into this state" was not purchased for use in this State and therefore not subject to the use tax.

In support of its position, Defendant cites to *Wanda Marine Corporation v. State of Florida, Department of Revenue,* 305 So.2d 65 (Fla. 1st DCA 1974) which held *inter alia* that use in a foreign country does not qualify as use in "another state" as that term is used in Sec. 212.06(8). In *Wanda Marine Corporation,* which was decided prior to the enactment and effective date of Sec. 212.05(1)(a)(2), the Court affirmed the trial judge who had upheld the imposition of a use tax on a boat purchased in Holland and imported into Florida.

The Court is of the view that Defendant's reliance on Sec. 212.06(8) as authority to exact a use tax on Plaintiff's yacht is misplaced. This Section is, however, instructive primarily because of the presumption it creates with respect to personalty used outside Florida for six (6) months or longer. With the enactment of Sec. 212.05(1)(a)(2), F.S., the Legislature again imposed a sixth month period of use outside Florida in determining whether a boat should be subject to a *use* tax. While not expressly creating a statutory presumption that a boat used ouside Florida for six (6) months or longer from its departure date was purchased for use outside Florida, reason suggests that the effect is the same. Even assuming that a boat purchased in this State can be "imported" into this State, the Court finds that Sec. 212.06(8) is inapplicable to the matter at hand. It speaks generally to "tangible personal property". Sec. 212.05(1)(a)(2) speaks specifically to *boats* subject to *use* tax. If its provisions are complied with, the purchase is not a transaction subject to either the Florida sales or *use* tax.

In this case, the conditions precedent to use tax exemption have been complied with by Plaintiff. Nothing in the pleadings suggests that the Defendant has overcome what the Court believes to be a rebuttable presumption, albeit unwritten, that the Hughie II was purchased for use outside Florida. Accordingly, the Court finds as a matter of law and fact that use tax and penalty imposed by Defendant, which amounts have been tendered by Plaintiff as a prerequisite to instituting this litigation, are not due and owing and that Defendant should be and hereby is Ordered to return said monies to Plaintiff forthwith.