506 So.2d 455 (1987)
DEPARTMENT OF REVENUE, State of Florida, Appellant,
v.
G.R. SWAN ENTERPRISES, INC., Appellee.
No. BO-94.
District Court of Appeal of Florida, First District.
April 15, 1987.
*456 Jim Smith, Atty. Gen., and Edwin A. Bayo, Asst. Atty. Gen., Tallahassee, for appellant.
Ray Graham, Sarasota, for appellee.
JOANOS, Judge.
In this appeal, the Department of Revenue (Department) challenges the trial court's Final Summary Judgment which set aside a use tax assessment against appellee, G.R. Swan Enterprises, Inc., (Swan). The Department asserts that the trial court erred in finding the Department's use tax assessment invalid, and further contends that: 1) the trial court's interpretation of Section 212.05(1)(a)2, Florida Statutes (1983), results in discrimination against interstate commerce; and 2) that there is statutory support to uphold the Department's tax assessment. We agree and reverse.
On August 21, 1984, Swan, a Delaware corporation owned by two Florida residents, bought a yacht named the "Hughie II" in Fort Lauderdale, Florida. The sale was exempted from Florida's sales tax under Section 212.05(1)(a)2, Florida Statutes (1983), which provides a sales tax exemption for purchasers who comply with the listed requirements and remove the boat from Florida within ten days after purchase.[1] The "Hughie II" was allegedly purchased by Swan primarily for use as a live aboard vessel in the Bahamas, and was removed from Florida on August 31, 1984, ten days after purchase. The boat was brought back to Florida on March 2, 1985, for warranty maintenance, and returned to the Bahamas on May 13, 1985. The boat was in the Bahamas when the use tax totalling $34,813.93 was assessed against Swan by the Department of Revenue pursuant to Section 212.06(8) Florida Statutes *457 (1983).[2] Swan challenged the Department's use tax assessment and both parties moved for summary judgment. The trial court held for Swan and found that the use tax statute, Section 212.06(8), Florida Statutes (1983), was not applicable to this case. The court agreed with Swan's argument that the boat was purchased for use exclusively outside Florida, and that was controlling. The trial court held Swan to be exempt from taxation under Section 212.05(1)(a)2, Florida Statutes (1983), a statute which the court found speaks specifically to boats and provides an implied presumption that a boat purchased for use exclusively outside Florida is exempt from use taxation. The Department of Revenue's motion for rehearing was denied.
The Department is correct in asserting that the sales tax in Florida is the tax on the privilege of selling tangible property, and therefore the collection is the responsibility of the selling dealer. The tax should be collected by the dealer from the purchaser by adding the tax to the sales price. See Donoghue v. Wallach, 455 So.2d 1085, 1087 (Fla. 2d DCA 1984). The Department argues persuasively that the legal benefit of the sales tax exemption found in Section 212.05(1)(a)2, Florida Statutes (1983), is afforded only to the dealer who sold Swan the yacht. The Department correctly asserts that this sales tax "privilege" is distinct from the use tax assessed against Swan for importing, using and storing its yacht in Florida. The record reveals that Swan brought the yacht into Florida on March 2, 1985. The repairs were completed on March 22, 1985. The ship's log reveals that on May 13, 1985 Swan removed the boat from Florida waters and headed to the Bahamas. We find correct the Department's argument that the original sales tax exemption cannot isolate Swan from the use tax based on its subsequent importation, use and storage of the yacht for almost two months, from March 22 to May 13, 1985. As the Department contends, the Florida Supreme Court in Ryder Truck Rental, Inc. v. Byrant, 170 So.2d 822 (Fla. 1964), distinguished between a use tax and a sales tax, stating that "there is no duplication of the tax since each is on a separate and distinct taxable privilege." 170 So.2d at 825.
Also, we find Green v. Pederson, 99 So.2d 292 (Fla. 1957), as cited by Swan for support, to be distinguishable. In Green, appellee was assessed a use tax on animals he purchased outside Florida from a non-profit zoological institution "not in the business of" selling animals. The court determined that such "occasional and isolated sales" were exempt from both the sales and use tax under the provisions of the Sales and Use Tax Act, Chapter 212, Florida Statutes (1951). 99 So.2d at 294. We find Green inapplicable to the tax assessment in the instant case. However, what is applicable from the Green opinion is the following general rule that was expressed by the Florida Supreme Court:
It is well settled that he who would shelter himself under an exemption clause in a tax statute must show clearly that he is entitled under the law to the exemptions; and the law is to be strictly construed as against the person claiming the exemption and in favor of the taxing power.
99 So.2d at 296.
We do not believe that here the lower court strictly construed the use tax penalty provision found in Section 212.05(1)(a)2 in favor of the Department, and further, when strictly construed, we find that this provision is not applicable to the facts of this case. The lower court in its Final Summary Judgment reviewed Section 212.06(8), Florida Statutes (1983), and found that the Department's reliance on it was misplaced. The trial court placed its emphasis on the fact that Swan kept its yacht out of Florida for more than six months *458 prior to importing it for repairs, and that therefore Swan had fulfilled the statutory requirements pursuant to Section 212.05(1)(a)2, Florida Statutes to qualify for a sales tax exemption and avoid a 100% penalty (use tax). The record reveals that Swan fulfilled the statutory requirements necessary to qualify for a sales tax exemption and has not violated those provisions which would activate the penalty clause of Section 212.05(1)(a)2. However, as the Department correctly contends, once the initial six month period expired, Swan's subsequent importation and use of the "Hughie II" in Florida waters triggered the use tax pursuant to Section 212.06(8), Florida Statutes.
We cannot accept the trial court's application of Section 212.05(1)(a)2 to the facts before us, for according to the trial court's interpretation, Swan cannot ever be taxed on its use of "Hughie II" in Florida, regardless of actions taken by Swan subsequent to the initial six month removal period. We agree with the Department that this interpretation and application of Chapter 212 violates the Commerce clause. U.S. Const. art. I, § 8, cl. 3. The trial court's construction allows one who purchases a boat from a Florida dealer, and qualifies for the sales tax exemption initially, to then bring the boat back into Florida for continued use, and thereby also avoid paying any use tax. As the Department contends, in contrast, a purchaser who bought a boat from a Florida seller who did not remove the boat from the state initially for six months would be forced to pay the use tax, as would a Floridian or non-resident who purchased a boat in another state without paying a use tax there, and then imported it to use in Florida. See Section 212.06(4), Florida Statutes (1983).[3] We find persuasive the Department's argument that the trial court's application of Section 212.05(1)(a)2, Florida Statutes (1983), affords an improper commercial advantage to Florida yacht dealers.
The trial court based its ruling that the tax was invalid pursuant to Section 212.05(1)(a)2, Florida Statutes, on its conclusion that "nothing in the pleading suggests that defendant has overcome what the court believes to be a rebuttable presumption, albeit unwritten, that the Hughie II was purchased for use outside Florida." (Final Judgment at p. 3, emphasis supplied). The trial court apparently adopted the theory of "rebuttable presumption" from this court's opinion in Wanda Marine Corporation v. State, Department of Revenue, 305 So.2d 65 (Fla. 1st DCA 1974). We find this case to be persuasive with respect to Section 212.06(8), Florida Statutes (1983), even though the trial court dismissed the case without discussion, as being decided prior to the effective date of Section 212.05(1)(a)2, Florida Statutes (1983). The trial court interpreted Section 212.06(8) to exact a use tax on imported tangible personal property in general, and so found this section of the statute superseded by Section 212.05(1)(a)2, Florida Statutes, which speaks specifically to boats subject to tax. The trial court further found that Section 212.05(1)(a)2, Florida Statutes, unlike the express presumption in Section 212.06(8), created an implied presumption that a boat used outside of Florida for 6 months or longer from its departure date was purchased for use outside Florida. We find no such implied presumption arising from Section 212.05(1)(a)(2), and find this case controlled by this court's opinion in Wanda Marine, even though, as the lower court stated, Wanda Marine was decided prior to the enactment of Section *459 212.05(1)(a)2, Florida Statutes. We find that the "use tax" in Section 212.05(1)(a)2 acts as a penalty for not fulfilling that statute's sales tax exemption requirements, and is not applicable here.
In Wanda Marine this court was faced with an appellant who had bought a boat in Holland, paid no use tax on it there and then brought it to Florida for recreational use. The Department of Revenue assessed a use tax on the boat owner and the boat owner relied on Section 212.06(8), Florida Statutes, to justify its use tax exemption. The boat owner argued that section 212.06(8) exempted from use tax "tangible personal property used in another state for six months or longer before being imported into this state," because it was to be "presumed" that such property was not purchased for use in this state. Contrary to the boat owner's argument, this court agreed with the trial court's holding that the use of the boat in European waters prior to its arrival in Florida did not support a presumption that the boat was not purchased for use in Florida. 305 So.2d at 69. This court found that the word "state" as used in the exemption provision of Section 212.06(8), Florida Statutes, means "one of the states in the United States and not a foreign entity." Id. We apply this rationale to the instant case and find that the Bahamas as an entity, like Holland, also does not qualify as a "state." Therefore, strictly construing Section 212.06(8), Florida Statutes (1983), as we did in Wanda Marine, we find that the express presumption of tax exemption created by Section 212.06(8), Florida Statutes applies to property use "in another state" only, and not the Bahamas. This court in Wanda Marine went on to find that the use of the yacht in foreign waters for the prescribed six months was indicia of ownership that raised only a rebuttable presumption that the property was not purchased for use in this state. This court further found that the boat was brought to Florida and used for pleasure, and the owner enjoyed all of the privileges and benefits of ownership in Florida, facts similar to those revealed by the ship's log in the instant case.[4]
Here the trial court based its decision to set aside the use tax assessment on its belief that the Department had not met its burden in overcoming the "rebuttable presumption" that Swan bought its yacht for use exclusively outside Florida. We find to the contrary, and agree with the Department that evidence of Swan's acts of operating the yacht and docking it at various marinas in Florida over a two month period after being imported for repairs (one-third of the time it spent outside of Florida), indicates ownership of tangible personal property which, as in Wanda Marine, overcomes any rebuttable presumption that the property was purchased for use exclusively outside the state of Florida. Therefore, we find that Swan is subject to an independent use tax (and now penalty) pursuant to Section 212.06(8), Florida Statutes (1983).
In response to Swan's argument that a use tax is inappropriate because a sales tax was not applicable to its boat purchase, the Department relies on Rule 12A-1.91 Florida Administrative Code. Rule 12A-1.91 recognizes that there are instances involving personal property not subject to a sales tax at the time of purchase that is subject to a use tax.[5] Therefore, we find this argument without merit.
The Department also correctly asserts that Swan's actions involving the use and maintenance of the boat in Florida waters for more than two months constitute *460 a "storage," which according to Sections 212.02(7) and 212.02(13), Florida Statutes (1983), is a taxable transaction in itself under Chapter 212.[6] Although the Department also contends that Section 212.06(6), Florida Statutes (1983), applies to the facts of the instant case because the "Hughie II" allegedly "came to rest" and was "commingled with the general mass of property in the state", we do not find it necessary to rule on the applicability of this section of the tax statute at this time.[7]
We find that the use tax and penalty assessed by the Department is a valid tax assessment pursuant to Section 212.06(8), Florida Statutes (1983), and therefore we reverse the trial court's Final Summary Judgment and remand for proceedings consistent with this opinion.
SMITH and BARFIELD, JJ., concur.
NOTES
[1] In pertinent part Section 212.05, Florida Statutes (1983) provides:

Section 212.05 Sales storage, use tax.  It is hereby declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of selling tangible personal property at retail in this state or who rents or furnishes any of the things or services taxable under this chapter, or who stores for use or consumption in this state any item or article of tangible personal property as defined herein and who leases or rents such property within the state.
(1) For the exercise of such privilege, a tax is levied on each taxable transaction or incident, which tax is due and payable as follows:
(a)1.a At the rate of 5 percent of the sales price of each item or article of tangible personal property when sold at retail in this state, computed on each taxable sale for the purpose of remitting the amount of tax due the state, and including each and every retail sale.
b. Each occasional or isolated sale of an aircraft, boat, mobile home, or motor vehicle of a class or type which is required to be registered, licensed, titled, or documented in this state or by the United States Government shall be subject to tax at the rate provided in this paragraph.
2. This paragraph does not apply to the sale of a boat by or through a registered dealer under this chapter to a purchaser who removes such boat from this state within 10 days after the date of purchase or, when the boat is repaired or altered, within 10 days after completion of repairs or alterations. In no event shall the boat remain in this state more than 90 days after the date of purchase. This exemption shall not be allowed unless the seller:
a. Obtains from the purchaser within 90 days from the date of sale written proof that the purchaser licensed, registered, or documented the boat outside the state;
b. Requires the purchaser to sign an affidavit that he has read the provisions of this section; and
c. Makes the affidavit a part of his permanent record.
In the event the purchaser fails to remove the boat from this state within 10 days after the purchase or, when the boat is repaired or altered, or permits the boat to return to this state within 6 months from the date of departure, the purchaser shall be liable for use tax on the cost price of the boat and, in addition thereto, payment of a penalty to the Department of Revenue equal to the tax payable. This penalty shall be in lieu of the penalty imposed by § 212.12(2) and is mandatory and shall not be waived by the department. (emphasis supplied).
[2] Section 212.06(8), Florida Statutes (1983) provides:

(8) Use tax will apply and be due on tangible personal property imported or caused to be imported into this state for use, consumption, distribution, or storage to be used or consumed in this state; provided, however, that it shall be presumed that tangible personal property used in another state for 6 months or longer before being imported into this state was not purchased for use in this state. (emphasis supplied).
[3] In pertinent part Section 212.06(4), Florida Statutes (1983) provides:

 On all tangible personal property imported or caused to be imported from other states, territories, the District of Columbia, or any foreign country, and used by him, the dealer as herein defined, shall pay the tax imposed by this chapter on all articles of tangible personal property so imported and used, the same as if such articles had been sold at retail for use or consumption in this state. For the purposes of this chapter the use, or consumption, or distribution, or storage to be used or consumed in this state of tangible personal property shall each be equivalent to a sale at retail; and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.
[4] Section 212.02(8), Florida Statutes (1983) in pertinent part provides:

(8) "Use" means and includes the exercise of any right or power over tangible personal property incident to the ownership thereof, or interest therein, except that it does not include the sale at retail of that property in the regular course of business.
[5] Rule 12A-1.91, Florida Administrative Code (1983) provides:

12A-1.91 Use Tax
(1) The Florida Sales and Use Tax Act imposes a tax on the use, consumption, distribution and storage for use or consumption in this state of tangible personal property purchased in such manner that the sales tax would not be applicable at the time of purchase. (emphasis supplied).
[6] Section 212.02(7), Florida Statutes (1983) provides:

(7) "Storage" means and includes any keeping or retention in this state of tangible personal property for use or consumption in this state or for any purpose other than sale at retail in the regular course of business.
Section 212.02(13), Florida Statutes (1983) provides:
(13) The term "use tax" referred to in this chapter includes the use, the consumption, the distribution and the storage as herein defined.
[7] Section 212.06(6), Florida Statutes (1983) provides:

(6) It is however, the intention of this chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state of tangible personal property after it has come to rest in this state and has become a part of the mass property of this state.