PER CURIAM.
We reverse the order of the trial court granting summary judgment in favor of Galadriel, Inc., on its complaint to contest the assessment of taxes and penalties on a boat it had purchased in Florida. Contrary to Galadriel’s assertion that no sale had occurred in Florida and, therefore, no tax was owed, it is clear from the record that the Department of Revenue properly assessed a use tax against the vessel. Although the sale of the vessel may originally have qualified for exemption from sales tax due to its timely removal from the state, the vessel’s return from the Bahamas to Florida four-and-one-half months later triggered the use tax and penalty assessed. See Yes Dear, Inc. v. Department of Revenue, 523 So.2d 1235 (Fla. 1st DCA 1988); United Engines, Inc. v. Department of Revenue, 508 So.2d 459 (Fla. *991 1st DCA 1987); Department of Revenue v. G.R. Swan Enter., Inc., 506 So.2d 455 (Fla. 1st DCA), rev. denied, 513 So.2d 1061 (Fla.1987); §§ 212.05(l)(a)2 and 212.06(8), Fla. Stat. (1983). Finding that the trial court erred in its determination that no taxes were due, we reverse and remand the cause with directions that summary judgment be entered for the Department of Revenue.
Reversed and remanded with directions.